Thomas F. BREWER and Texas
Utilities Fuel Company,
Appellants,

v.

Rodney P. ISOM and Wife, Filena D.
Isom, Appellees.

No. 05–85–00574–CV.

Court of Appeals of Texas,
Dallas.

Jan. 28, 1986.

Ronald H. Clark, Henderson, Bryant &
Wolfe, Sherman, for appellants.

Smith E. Gilley, Greenville, for appellees.

Before STEPHENS, McCLUNG and
McCRAW, JJ.

STEPHENS, Justice.

Thomas F. Brewer and Texas Utilities
Fuel Company (appellants) appeal from an
adverse judgment in favor of Rodney P.
Isom and Finela D. Isom (appellees). In
their sole point of error, appellants contend
the trial court erred in admitting the testi-
mony of a witness whose name had not
been disclosed to appellants in answers to
interrogatories or in depositions. We
agree. The judgment is reversed and the
cause is remanded for a new trial.

At trial, appellees sought to introduce
testimony of their neighbor, W.W. Oliver.
Appellants objected on the grounds that
appellees had not disclosed the name of the
witness in response to interrogatories or in
depositions as a person with knowledge of
facts and circumstances pertaining to the
lawsuit. Appellant claimed unfair surprise
and the lack of an opportunity to depose
the witness, investigate his testimony, or
obtain rebuttal witnesses. Appellees' at-
torney stated that the witness's testimony
would only be cumulative and that there
would be no other such witnesses. After
the court overruled appellants' objection,
appellants moved for a continuance claim-
ing surprise. This motion was denied and
the trial continued. The jury returned a
verdict for appellees finding appellants
negligent and grossly negligent, and the
trial court rendered judgment based on
that verdict.

■ Rule 166b(5) of the Texas Rules of
Civil Procedure states in pertinent part:

A party who has responded to a request
for discovery that was correct and com-
plete when made is under no duty to

supplement his response to include information thereafter acquired, except the following shall be supplemented not less than thirty days prior to the beginning of trial unless the court finds that a good cause exists for permitting or requiring later supplementation.

a. A party is under a duty seasonably to supplement his response if he obtains information upon the basis of which:

(1) he knows that the response was incorrect or incomplete when made;

(2) he knows that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading. . . .

Rule 215(5) of the Texas Rules of Civil Procedure states:

A party who fails to supplement his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

Appellants requested the names of all witnesses to a part or all of the events made the basis for the lawsuit. W.W. Oliver's name was not listed in appellees' response. When appellees' attorney located Oliver and learned he had knowledge of pertinent facts, appellees' attorney then knew that his initial answer was incomplete when made or no longer true. Rule 166b(5) required that appellees' attorney supplement his answer. This was not done. Therefore, a showing by appellees and a finding by the trial court that good cause existed for allowing Oliver to testify became the only basis for permitting his testimony. *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 29 Tex.Sup.Ct.J. 103, 105, 701 S.W.2d 243 (1985). Because appellees were required to make a showing of good cause and failed to do so, we conclude

the trial court erred in allowing the testimony. We next determine whether reversal is required in this case.

Appellees alleged that appellants were negligent and grossly negligent in allowing oil to spill onto their land. The extent and number of spills were contested issues. Oliver, a downstream neighbor of appellees, testified about the spills and the effect they had on his property. In addition, he testified that the spills had killed the fish in his pond, and that his horses would no longer drink from the stream. He also testified about a previous unrelated spill. This non-cumulative evidence was from the only unpaid, non-interested witness in the case. In light of the fact that punitive damages were awarded by the jury, we conclude that the testimony was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. *See First Employees Insurance Co. v. Skinner*, 646 S.W.2d 170, 172 (Tex.1983). Accordingly, the judgment is reversed and the cause remanded for a new trial.