Mark W. WALSH, Appellants,

v.

Theresa MULLANE, Appellee.

No. 01–86–0235–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 25, 1986.

Rehearing Denied Dec. 31, 1986.

Brock C. Akers, Vinson & Elkins, Houston, for appellants.

John F. Vecchio, Houston, for appellee.

Before SAM BASS, DUNN and COHEN, JJ.

OPINION

COHEN, Justice.

Mullane sued Walsh for personal injuries sustained in a 1984 automobile accident, and the court awarded her a judgment of $405,720.90, in accordance with the jury's verdict. We reverse the judgment, because the court erroneously allowed a key fact witness to testify, despite the fact that Mullane failed to name the witness in re-

sponse to Walsh's interrogatory seeking discovery of persons with knowledge of relevant facts.

Mullane did not name her sister, Dorothy Wilkins, in response to Walsh's interrogatory. Mullane called Wilkins as her third witness, following Walsh and a police officer who viewed the accident scene. Wilkins testified that she visited Mullane at the hospital and observed her in pain. She described Mullane's condition before the accident as active and athletic. She testified that Mullane owned a printing business, but was now physically unable to work, and that Mullane's own brother had taken his business elsewhere, because of her inability to produce work in the required time. Wilkins testified that Mullane came to live with her in February of 1984 and remained until June. She stated that Mullane was bedridden, wore a brace, and required constant care, because she was helpless and unable to do anything for herself. Wilkins stated that during this period, Mullane suffered pain, cried, was depressed, and needed her help to bathe, groom, and dress herself. She stated that she had to drive Mullane to the doctor, assist her in physical therapy, prepare her meals, wash her clothes, and turn her over in bed. She testified that Mullane could not return to work for a year and was never able to return to work full-time.

■ Rule 215(5) of the Texas Rules of Civil Procedure provides that:

A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

Before a party may call a witness not named in response to an interrogatory, the trial court must find good cause that "re-quires" admission of the testimony. This is the only basis for allowing the testimony. *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.,* 701 S.W.2d 243 (Tex. 1985).

Appellant's interrogatory number 27 asked Mullane to:

Please identify, stating the name, address, and work and home telephones of any potential party to this law suit and all persons with knowledge of relevant facts such that they may have actual or constructive knowledge of any discoverable matter, but without regard to the ultimate admissibility into evidence of the matter.

Mullane's answer was incomplete, because it omitted Dorothy Wilkins. It was never supplemented, as required by Rule 215(5). Given these facts, exclusion of Wilkins' testimony was automatic, unless Mullane demonstrated good cause sufficient to compel admission of the testimony. *Morrow v. H.E.B. Inc.,* 714 S.W.2d 297 (Tex. 1986) (per curiam on rehearing).

The sole showing of good cause was the unsworn statement of Mullane's attorney, "I have not met her [Wilkins] until today." Mullane never testified, even though it was her burden, not her attorney's, to answer interrogatories. Tex.R.Civ.P. 168(5). Neither Mullane nor her attorney testified that they did not know until trial day that Wilkins had knowledge of relevant facts. The record indicates that they did know about Wilkins on the day of trial, but never revealed her to the court or opposing counsel until the moment she was called to testify.

The trial court never made an express finding that "good cause sufficient to require admission" of the testimony existed. It merely overruled appellant's objection and allowed Wilkins to testify. The court stated, "I'm inclined to go ahead, let him use her only because he could bring her back as a rebuttal witness without naming her as a grunt-and-groaner."

■ This is not sufficient to constitute "good cause sufficient to require admission." Neither rule 168(5) nor 215(5) excludes rebuttal witnesses or "grunt-and-

groaners" from disclosure or sanctions. It will sometimes be impossible for a party to know in advance who has knowledge of facts relevant to rebut his opponent's evidence. *See Gannett Outdoor Company v. Kubeczka*, 710 S.W.2d 79, 84 (Tex.App.—Houston [14th Dist.] 1986, no writ). No such claim was made here, however, and under these facts, such a claim would have been patently incredible. The fact that a party has little or no use at trial for a witness's testimony will not ordinarily excuse his failure to name the witness as a source of relevant facts. Indeed, the party seeking discovery may have an important use for such testimony.

■ Appellee urges that any error was harmless, because Wilkins' testimony was merely cumulative of other witnesses. We disagree. Wilkins was the first witness to testify primarily about Mullane's pain and suffering. Her testimony set the stage for subsequent witnesses and was much more detailed than the other testimony regarding the extent of Mullane's disability. Her testimony strengthened the more general descriptions of the other witnesses. Although Wilkins was not the sole source of the damaging testimony, a factor that led to reversals in *Brewer v. Isom*, 704 S.W.2d 911 (Tex.App.—Dallas 1986, no writ), and *GATX Tank Erection Corp. v. Tesoro Petroleum Corp.*, 693 S.W.2d 617 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), we conclude that her testimony was not merely cumulative. Requiring Walsh to confront this important, surprise witness without an opportunity to prepare was an error that was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Texas Rules of Appellate Procedure, Rule 81(b)(1) (formerly Rule 434, Tex.R.Civ.P.).

■ Appellee urges that appellant failed to preserve error by not seeking a continuance, citing *Smithson v. Cessna Aircraft, Co.*, 665 S.W.2d 439, 443 (Tex.1984), which held that "the failure to present a motion to continue or to postpone the trial severely undermines the assertion that the trial court abused its discretion." *Smithson* was decided under the 1973 version of Rule 168, which provided only that the court "may ... make such orders as are just when a party fails to comply with the required supplementation." The 1981 amendment to Rule 168 and the subsequent amendment in 1984 provide that exclusion is mandatory, unless good cause *sufficient to require admission* exists. *Smithson* recognized the distinction as follows:

> Because the new rule expressly authorizes exclusion of testimony for noncompliance with the supplementation requirement, trial courts probably do not have the broad discretion they had under the 1973 rule. [citation omitted]. The "good cause exception" indicates that some discretion may remain in the trial court. [citation omitted] However, the 1981 amendment provides that *there must be not only a good reason, but one that compels the admission of the testimony*. [emphasis supplied].

*Smithson*, 665 S.W.2d at 442, n. 3. No motion for continuance was required. *Morrow v. H.E.B. Inc.*, 714 S.W.2d at 297–98.

We hold that the trial court abused its discretion in admitting the testimony, and we sustain appellant's first point of error.

The judgment is reversed, and the cause is remanded for a new trial.