Charles D. WILLIAMS, Appellant,

v.

UNION CARBIDE
CORPORATION, Appellee.

No. 01–86–607–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1987.

Rehearing Denied July 23, 1987.

William G. Neumann, Jr., Krist, Gunn, Weller, Neumann & Morrison, Houston, for appellant.

Kay L. Burkhalter, Baker & Botts, Rick Gibson, Baker & Botts, Houston, for appellee.

Before SMITH, COHEN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Based on a jury verdict, the trial court entered a take-nothing judgment in a premises liability suit. Appellant, Charles D. Williams ("Williams"), was an employee of Bechtel Corporation ("Bechtel"), a contractor doing repairs at a plant operated by the appellee, Union Carbide Corporation ("Union Carbide").

Williams was injured when the sheet of grating on which he was standing collapsed after his co-worker, a fellow Bechtel employee, removed the adjacent sheet of grating. The grating on which Williams was standing was supported, in part, by a piece of angle iron that was welded to the bottom of the adjacent grate.

Williams sued Union Carbide for personal injuries sustained from his fall. He contended that Union Carbide was negligent in failing to properly support the grating that collapsed, in failing to properly inspect the grating, and in failing to warn him of the dangerous condition that was created by the improperly supported grating.

Union Carbide denied that the grates were improperly supported and claimed that Williams was negligent by failing to reasonably inspect the grates in question before attempting to remove them.

The jury returned affirmative findings of negligence and proximate cause against both Williams and Union Carbide, found Williams to be 64% negligent and Union Carbide to be 36% negligent, and assessed damages in favor of Williams against Union Carbide in the amount of $84,000. Based on the negligence apportionment, the trial court entered a take-nothing judgment in favor of Union Carbide. Tex.Civ. Prac. & Rem.Code Ann. sec. 33.001 (Vernon 1986).

██ By his first and second points of error, Williams asserts that the trial court abused its discretion in allowing the testimony of John Payne, Bechtel's employee, who, at the time of the accident, was a construction superintendent on another project for Bechtel at Union Carbide. He later worked as a site manager and finally as a safety director for Bechtel at Union Carbide.

Williams' interrogatories requested the names of all expert witnesses to be called at trial. Union Carbide did not list Payne's name in its initial response, nor did it sup-

plement its responses prior to trial.[1] Williams contends that exclusion of Payne's testimony was mandatory under Tex.R.Civ.P. 166b and 215(5), because Union Carbide failed to establish good cause sufficient to require its admission.

Tex.R.Civ.P. 215(5) provides that:

A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph five of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule 166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

Failure to supplement automatically results in the loss of the opportunity to present the witness' testimony, *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986), unless the trial court finds good cause that requires admission of the testimony. An evidentiary finding of good cause is the only basis for allowing the testimony to be presented. *Id.* at 298; *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985).

In the instant case, Payne's testimony should have been excluded unless Union Carbide showed, and the trial court found, good cause sufficient to compel its admission. *Walsh v. Mullane*, 725 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ Here, as in *Walsh*, the trial court overruled appellant's objection and allowed the testimony on the basis that Union Carbide's attorney did not know of Payne's knowledge of the type of grating in issue until two days before counsel offered his testimony. We adhere to our holding in

*Walsh* that this is insufficient to establish good cause, because it is the party's burden, not the attorney's, to answer the interrogatories and to supplement them as discovery unfolds. *Id.* at 264; Tex.R.Civ.P. 168. While the attorney may not have known of Payne's knowledge, Union Carbide knew of Payne's existence and of his expertise in construction matters for well over two years prior to trial. During that time period, Payne was employed by Bechtel at Union Carbide in various managerial capacities, and had gathered evidence for the trial at Union Carbide's request.

Thus, the record shows that Union Carbide knew or should have known of Payne's potential as an expert witness. It cannot now claim want of knowledge as the basis for allowing his testimony.

■ We also reject Union Carbide's contention that the error was harmless because the testimony was cumulative. *Brewer v. Isom*, 704 S.W.2d 911 (Tex.App. —Dallas 1986, no writ). Although another witness testified that he had seen similar grating used at other locations in the Union Carbide plant and at the Amoco plant in the Texas City area, he did not testify to a similar practice in the industry generally. No other evidence of the custom, standard, and practice throughout the industry was presented, except Payne's testimony. Moreover, Payne was a surprise witness who testified on the most controverted issue in the case. His testimony was presented late in the trial, after Williams had presented his evidence and rested his case.

We overrule Union Carbide's contention that such error is harmless because appellant failed to seek a continuance, or an opportunity to depose the witness, or time to locate additional witnesses. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439 (Tex.1984), on which Union Carbide relies,

---

1. We reject Union Carbide's contention that Payne was a fact witness and therefore not subject to discovery under the wording of the instant interrogatories. Payne was not present when the accident occurred, was not the superintendent of the project on which Williams worked, and had no knowledge of the condition of the grating in question. Rather, based on having worked in plants throughout the United States and Canada, he testified that he had seen grating in many plants similar to that in the instant case. Payne was clearly testifying as an expert on industry custom and not as a fact witness.

was decided under versions of rules 166 and 215 that have been repealed. Both *Morrow*, 714 S.W.2d at 297, and *Walsh*, 725 S.W.2d at 263, clearly hold (a) that the exclusion of the testimony of an undisclosed witness is automatic unless good cause is shown, and (b) that there is no need for the opponent to seek a continuance or other relief from the trial court.

Union Carbide also argues that any error was harmless in that the jury knew that Payne was a paid and interested witness because his salary and job depended on his employer's client, Union Carbide, and that the jury was aware of this, thereby decreasing his stature and the emphasis to be given to his testimony. Williams, on the other hand, argues that Payne's positions, first as construction superintendent, then as site manager, and finally as safety director for Bechtel at Union Carbide, increased his stature in the jury's eyes. Further, Williams argues, the fact that Payne worked for Williams' own employer in managerial capacities—but testified on behalf of Union Carbide—must have been damaging to Williams' cause.

We hold that the trial court erred in allowing Payne's testimony, and that error was reasonably calculated to and probably did result in the rendition of an improper judgment. Williams' first and second points of error are sustained.

■ Because the cause is remanded for new trial, we consider Williams' third and fourth points of error, in which he asserts that the trial court erred in admitting evidence of his employer's negligence. He argues that such evidence was immaterial and irrelevant, or in the alternative, that its probative value was substantially outweighed by the dangers of confusion of the issues, misleading of the jury, and unfair prejudice.

Williams contends that evidence of the employer's negligence may not be considered in a third-party negligence action brought by an employee arising out of an accidental injury covered by worker's compensation insurance. He cites *Varela v. Am. Petrofina Co. of Texas, Inc.*, 658 S.W.2d 561 (Tex.1983), as his authority.

*Varela* was an action brought by an employee arising out of an accidental injury covered by worker's compensation insurance. The court held that an employer's negligence could not be considered in a third-party negligence action for the purpose of reducing the third party's damages.

In that case, evidence was presented to the jury of the negligence of that plaintiff, the employer, and the defendant third party. In response to a special issue, the jury apportioned the negligence among all three. The defendant third party argued that the employer's negligence should be taken into account to reduce the amount of damages found by the jury by the proportion of the employer's negligence, pursuant to Tex.Civ.Prac. & Rem.Code Ann. sections 33.001, 33.011–017 (Vernon 1986), which govern the liability of joint tortfeasors.

The Texas Supreme Court held that a defendant's claim of contribution is derivative of the plaintiff's right to recover from a joint defendant against whom contribution is sought, and that because an employee is precluded from suing his employer by the Worker's Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (Vernon Supp. 1987), a defendant is therefore barred from seeking contribution from the employer. The court held that article 8306 § 3 is an exception to sections 33.001, 33.011–017.

*Varela* is applicable only with respect to the entry of a judgment. It does not expressly preclude evidence of an employer's negligence at trial. It holds that if an employer in a third-party negligence action concurrently causes an injury to a plaintiff/worker, the negligent third party will be responsible for the plaintiff's total damages, diminished only by the proportionate amount of negligence assessed against the plaintiff. This is because the employer has a legislatively authorized exemption from joint and several liability to an injured workman under the Texas Worker's Compensation Act. *Varela* does not relieve the defendant third party from his joint and several liability under sections 33.001, 33.011–017.

Williams argues that the evidence of his employer's negligence is not relevant to any controlling issue in the case. Union Carbide claims that the evidence is relevant to the issue of causation, and that it is entitled to demonstrate to the jury that the employer's and/or co-worker's negligence was a cause of the accident.

Union Carbide cites *Warren Brothers Co. v. A.A.A. Pipe Cleaning Co.*, 529 S.W.2d 779, 781 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.), which states that under a general denial the defendant is entitled to introduce evidence that tends to disprove the facts alleged in the plaintiff's petition, and to rebut evidence offered by the plaintiff in support of its petition.

Union Carbide denied that it was negligent and that its actions were the proximate cause of Williams' injuries. It was entitled to assert that Williams' injuries were the result of the negligence of a third person or party, whether or not that person or party was named in the suit. The defendant was not restricted to the denial of its own negligence, but was entitled to make an effort to exculpate itself of primary negligence. *Deal v. Madison*, 576 S.W.2d 409, 423 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.), *overruled on other grounds, Cypress Creek Util. Serv. Co. v. Muller*, 640 S.W.2d 860, 866 (Tex.1982).

█ In the alternative, Williams contends that, though relevant, the evidence should have been excluded because the probative value of the evidence of his employer's conduct was substantially outweighed by its propensity to mislead or confuse the jury. He urges that it is more likely than not that the jury attributed the conduct of his employer and/or co-worker to him rather than to Union Carbide, thus resulting in the rendition of an improper assessment of the percentages of negligence as between himself and Union Carbide, and consequently in an improper judgment.

Generally, relevant evidence should not be excluded without good cause. *Davis v. Davis*, 521 S.W.2d 603, 607 (Tex.1975). In weighing the probative value of evidence against the dangers of unfair prejudice, confusion of the issues, or misleading of the jury, the courts apply a balancing test. *Perez v. Baker Packers*, 694 S.W.2d 138 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); Tex.R.Evid. 403. The admission of relevant evidence in the application of the balancing test is a matter within the trial court's discretion. *Charter Medical Corp. v. Miller*, 605 S.W.2d 943 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The court's determination of admissibility is subject to reversal only for an abuse of that discretion.

We find that the evidence of Williams' employer's misconduct was relevant to Union Carbide's denial of causation. Thus, the evidence that the employer's and/or co-worker's acts might have been the cause of Williams' injuries has substantial probative value.

Williams has failed to show that the jury imputed his employer's and/or co-worker's negligence to him. There was ample evidence presented from which the jury could have concluded that Williams was 64% negligent. The evidence was not so inherently prejudicial as to compel its exclusion, and we are unable to say that the trial court abused its discretion in allowing its admission. Williams' third and fourth points of error are overruled.

█ By his fifth point of error, Williams asserts that the trial court erred in submitting Special Issue No. 3(B).

At trial, Williams specifically and distinctly objected only to sub-paragraph (A) of Special Issue No. 3. Where a party fails to object to the wording of one sub-part of a special issue, he fails to preserve error for appeal. *Reed v. Israel Nat'l Oil Co.*, 681 S.W.2d 228 (Tex.App.—Houston [1st Dist.] 1984, no writ). A party is confined to the grounds of objection stated in the trial court, and will not be able to enlarge his complaint on appeal *Perez v. Baker Products*, 694 S.W.2d at 141–142. Appellant has waived any complaint regarding the wording of Special Issue No. 3(B). Appellant's fifth point of error is overruled.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.