HALL CONSTRUCTION CO., INC. and Industrial Indemnity Financial Corporation, Appellants,

v.

TEXAS INDUSTRIES, INC., Appellee.

No. 05–87–00924–CV.

Court of Appeals of Texas, Dallas.

March 23, 1988.

Rehearing Denied April 29, 1988.

Peter H. Fulton, Hurst, for appellants.

Richard E. Schellhammer and James W. Morris, Jr. of Goins, Underkofler, Crawford & Langdon, Dallas, for appellee.

Before STEPHENS, McCLUNG and BAKER, JJ.

BAKER, Justice.

Hall Construction Co., Inc. and Industrial Indemnity Financial Corporation appeal from an adverse judgment in favor of Texas Industries, Inc. They assert that the trial court improperly permitted two witnesses to testify, that the trial court erred in denying Hall and Industrial's post-judgment motions and that the trial court erred in awarding TXI attorney's fees. Because the trial court improperly permitted the two witnesses to testify and improperly awarded attorney's fees to TXI, we reverse the trial court's judgment and remand the cause for a new trial.

TXI sued Hall and Industrial on claims by TXI for concrete it supplied to Hall for which TXI was not paid. TXI asserted damages against Hall for breach of contract and on a sworn account. TXI asserted that Industrial was also liable for a majority of the unpaid account because Industrial was the surety on Hall's McGregor Act Bond (TEX.CIV.STAT.ANN. art. 5160 (Vernon Supp.1987)). Hall and Industrial asserted a counterclaim against TXI under the theories of negligence and deceptive trade practices, alleging that TXI delivered a non-conforming concrete and misrepresented the quality of the concrete delivered. TXI answered the Hall and Industrial counterclaim by pleading contributory negligence, assumption of risk and last clear chance as affirmative defenses to the counterclaim. The jury returned a verdict for TXI and judgment was entered for TXI in the amount found by the jury plus attorney's fees of $9,981.50.

Prior to trial, Hall and Industrial submitted interrogatories to TXI which, among other things, asked TXI to identify each fact witness relevant to TXI's action. A second interrogatory asked TXI to identify the name and substantive area of each

expert witness it expected to call at trial. In response to the first interrogatory, TXI identified three employees: Don Janni, Jim Lindsey, and Don Baumgardner. In response to the second, TXI stated that no experts had been identified at that time. These responses were never supplemented.

During the trial, TXI offered as witnesses Jack Stewart, vice-president of its North Texas Division, and Frank Rugari, TXI's assistant regional credit manager for North Texas. Hall and Industrial timely objected to the offer of the testimony of both witnesses because TXI had not designated them. The court overruled these objections and permitted both witnesses to testify. Hall and Industrial assert that the trial court's action was erroneous because TXI failed to show good cause for permitting these two witnesses to testify.

■ The failure to list a witness results in the loss of the opportunity to offer the witness's testimony. The sanction is automatic. TEX.R.CIV.P. 215(5); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986). The exception is when good cause is shown why the testimony should be allowed in spite of the discovery sanction. The determination of good cause is within the trial court's sound discretion. That determination can only be set aside if that discretion is abused. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex.1984). In determining whether there was an abuse of discretion, we must ascertain whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). These guiding principles can be found in the rules and in *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985). The party offering the evidence has the burden of showing good cause to the trial court. *Morrow v. H.E.B., Inc.*, 714 S.W.2d at 298; *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d at 246.

■ In its attempt to show good cause, TXI contended that it did not include the names of either of the two witnesses because neither had personal knowledge of the facts associated with the specific orders placed by Hall. TXI also contended that since Stewart had verified TXI's responses to Hall's interrogatories, Hall had notice of Stewart's knowledge. Likewise, TXI contended that Rugari, as the assistant regional credit manager, had signed an affidavit verifying its sworn account and that he testified only as to damages at the trial. Therefore, Hall was on notice of Rugari's knowledge. The grounds asserted by TXI are not sufficient to constitute good cause for permitting the witnesses to testify. *Morrow v. H.E.B., Inc.*, 714 S.W.2d at 298; *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d at 247; *see also E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363 (Tex.1987); *Walsh v. Mullane*, 725 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Therefore, the trial court abused its discretion by permitting the two witnesses to testify.

However, to obtain reversal of a judgment based upon an error in the trial court, the appellant has a two-pronged burden. First, he must show that there was, in fact, error, and secondly, that such error was reasonably calculated to cause and probably did cause the rendition on an improper judgment. *Dennis v. Hulse*, 362 S.W.2d 308, 309 (Tex.1962); *Fulmer v. Thompson*, 573 S.W.2d 256, 265 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); TEX.R.APP.P. 81(b)(1). The policy of Texas courts is to refuse to set aside or reverse a judgment for errors of law committed during the trial unless, in the sound judgment of the appellate court, the errors contributed in a substantial way to bring about an unjust result. *Duncan v. Smith*, 393 S.W.2d 798, 804 (Tex.1965). It is the responsibility of the appellate court to determine from the record as a whole whether appellants were harmed by the error in the trial court. *Gomez Leon v. State*, 426 S.W.2d 562, 565 (Tex.1968); *Smith v. Smith*, 620 S.W.2d 619, 625 (Tex.Civ.App.—Dallas 1981, no writ).

■ TXI argues that, even if admitting Stewart and Rugari's testimony was erroneous, it was harmless because their testi-

mony was cumulative of other evidence entered either by stipulation of the parties or by testimony of one of Hall's employees. In his opening statement to the jury, TXI's counsel said Jack Stewart would testify about the characteristics of redi-mix concrete and the procedures TXI uses to insure that a customer gets the correct concrete that it orders from TXI. He further stated that Frank Rugari would show that TXI provided the concrete, that TXI was not paid for the concrete and that TXI took steps to perfect its bond claim against Industrial. When Stewart was offered as a witness and Hall objected, TXI's counsel advised the court that Stewart was not being produced as an expert, but was being produced to testify to TXI's standard business procedures. When TXI offered Rugari, TXI's counsel stated that he was not an expert or fact witness dealing with the particular order or orders in question, but was there to verify the McGregor Act documents.

The record reflects that Stewart, in addition to testifying about the interoffice procedures TXI employed in taking orders for concrete, also gave detailed testimony regarding concrete quality, and the meaning of technical terms that appeared on TXI's invoices and delivery tickets regarding concrete and its mix design. No other evidence in this area was offered. This issue was crucial at trial because Hall's counterclaim dealt with TXI's alleged negligence in furnishing concrete of a lesser psi strength than ordered. In light of these circumstances, we conclude that the admission of Stewart's testimony was not harmless error. *See Brewer v. Isom,* 704 S.W.2d 911 (Tex.App.—Dallas 1986, no writ); *GATX Tank Erection Corp. v. Tesoro Petroleum Corp.,* 693 S.W.2d 617 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

■ Rugari's testimony was in part repetitive of other documentary evidence that the jury was permitted to see. It was, however, the only testimony that specifically detailed the damages that TXI claimed for nonpayment of the account. It was also the only testimony that substantiated the perfection of a bond claim by TXI against Industrial under the McGregor Act. Under these circumstances, we must conclude that the admission of Rugari's testimony was not harmless error. *See Williams v. Union Carbide Corp.,* 734 S.W.2d 699, 701 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Walsh v. Mullane,* 725 S.W.2d at 265. Point of error number one is sustained.

■ In their second point Hall and Industrial assert that the trial court erred in denying their motions for judgment on verdict, and for judgment non obstante veredicto, to disregard findings on special issues, and for new trial. Hall and Industrial argue that the trial court should have disregarded TXI's evidence concerning damages because the testimony regarding damages came exclusively from Stewart and Rugari. Hall and Industrial contend that without their testimony there was no evidence or insufficient evidence to support the jury's finding of damages. The record reflects that TXI's stipulated business records contained some evidence of damages. Furthermore, Hall's own witness Billy Kiker testified on cross-examination that Hall agreed to pay for the material furnished by TXI, that the TXI prices were the least expensive, that TXI's prices were reasonable and necessary, and that TXI delivered all that Hall had ordered. Thus, there is some evidence to support the jury's finding other than that offered by Rugari and Stewart.

■ Next Hall and Industrial assert that the trial court should not have reduced their damages by 50%. TXI answered Hall's counterclaim for negligence by pleading contributory negligence, last clear chance and assumption of the risk as bars to Hall's recovery on its cross-claim. Hall asserts that these three doctrines have been abolished by the Texas Supreme Court. *See Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978); *Farley v. MM Cattle Co.,* 529 S.W.2d 751 (Tex.1975). Hall and Industrial concede, however, that the issues TXI requested submitted "revitalized" contributory negligence under section 33.001 of the Texas Civil Practice & Remedies Code. Hall further concedes

that it did not object to these special issues. By failing to object to the issues as submitted, Hall waived this ground of error. TEX.R.CIV.P. 274; *First State Bank, Morton v. Chesshir,* 634 S.W.2d 742 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).

■ Hall next contends that the trial court should have set aside the jury's finding that it was negligent in accepting and using the substandard concrete. Hall argues that there was no evidence, or alternatively, insufficient evidence to support the jury's finding that Hall was 50% negligent in accepting and using the substandard concrete when it was delivered. There is evidence that Hall did not ordinarily have employees knowledgeable of the material requirements available at the time of deliveries to ascertain whether the concrete met the specification of the order. This is some evidence to support the jury's finding.

■ Hall next complains that the trial court should have found that Hall's damages were $22,564.63 and that because its testimony concerning damages was undisputed, the jury's answer to Hall's damages in the sum of $13,274.42 should have been disregarded. Hall's witness testified that the actual demand made upon TXI was $13,274.42 and that this amount did not include any profit or overhead. Nevertheless, this is some evidence to support the jury's answer to Hall's damages.

Finally, Hall complains that the judgment is manifestly unjust and contrary to the law and the facts. Suffice it to say we have carefully examined the entire record and there is some evidence to support the jury's findings and the court's application of the law to those findings. Point of error number two is overruled.

■ Hall and Industrial assert in their third point of error that the trial court erred in awarding TXI attorney's fees, both for trial and appeal. Hall asserts that, although the parties agreed to stipulate to attorney's fees sometime before the trial started, the stipulation was never entered. A dispute arose when the trial began as to attorney's fees on appeal. Therefore, Hall contends no stipulation was reached or filed of record between the parties. Hall asserts there was no evidence presented at the trial upon which the court could base its findings of attorney's fees. Hall argues that the issue of reasonable and necessary attorney's fees is a question of fact and must be supported by competent evidence. TXI contends that before trial the parties, by their attorneys, agreed to stipulate to attorney's fees by affidavit. TXI points out that on the first day of trial its trial counsel filed an affidavit in support of its attorney's fees. TXI contends that based on the alleged stipulation neither party submitted testimonial evidence at the trial regarding attorney's fees. TXI concludes that Hall and Industrial have waived any right they may have to object to attorney's fees by agreeing to stipulate to such fees and cannot now, on appeal, raise this issue for the first time. We have carefully reviewed the record and we are unable to find any written agreement between the attorneys or parties, signed and filed with the papers as part of the record; nor does the statement of facts reflect any agreement made in open court to submit attorney's fees to the trial court as is permitted by Rule 11 of the Texas Rules of Civil Procedure. All that is of record is the affidavit of TXI's trial attorney reflecting $6,351.51 as the total fees billed and accrued through February 15, 1987, and that appellate fees of $6,000.00 to the Texas Court of Civil Appeals and $3,000.00 to the Texas Supreme Court would be reasonable. Since the record does not reflect an agreement to submit the attorney's fees issue to the court for determination, the court did not have discretion to take judicial notice of the usual and customary fees in such matters. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.004 (Vernon 1986). Therefore, we hold that the trial court did not have sufficient evidence before it to ascertain the reasonable attorney's fees for TXI. *See Bethel v. Butler Drilling Co.,* 635 S.W. 2d 834 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Appellant's third point of error is sustained.

For the reasons stated, the trial court's judgment is reversed, and this cause is

remanded for further proceedings not inconsistent with this opinion.