[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#132)
The plaintiff, David Massaro, instituted this action to recover damages for injuries which allegedly arose out of and in the course of his employment at a scrapyard owned by S. Kasowitz Sons, Inc. (Kasowitz). The plaintiff alleges that he was struck by the "rear dump gate" of a truck owned by defendant Thomas Turpin d/b/a Turpin Transportation and operated by defendant Joseph Guckin due to an inadequate "hook and chain mechanism." According to the plaintiff's complaint, defendant Turpin installed a hook and chain mechanism to the rear dump gate of the truck when he knew or should have known that it was inadequate to bear the weight of the gate. The defendants have denied all allegations of negligence.
As a result of the plaintiff's injuries, Kasowitz paid workers' compensation benefits to the plaintiff. Kasowitz then intervened in this action, pursuant to General Statutes § 31-293, in an effort to obtain reimbursement for those payments. In response to the intervening plaintiff's complaint, the defendants filed a counterclaim seeking indemnification from Kasowitz and alleging that any losses incurred by the plaintiff were caused by and were the direct result of the primary active negligence of Kasowitz in that Kasowitz supplied and installed the rear dump gate and hook and chain mechanism.
Kasowitz has filed this motion for summary judgment as to the defendants' counterclaim for indemnification on the ground that such a cause of action is barred by the exclusive remedy provision of the Workers' Compensation Act. In support of this motion, Kasowitz has submitted a memorandum of law, along with an affidavit by Stephen M. Kasowitz, a corporate officer of S. CT Page 8890 Kasowitz Sons, Inc. The defendants filed an opposing memorandum of law, along with uncertified copies of excerpts from the deposition transcripts of Massaro, Guckin and David Florio, Kasowitz's yard foreman.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quoting CT Page 8891Boyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
The defendants argue that although a claim for contribution or indemnification by a third party against a plaintiff's employer is ordinarily barred by the exclusive remedy provision of the Workers' Compensation Act, the existence of an independent legal relationship between the defendants and Kasowitz allows the defendants to assert a counterclaim for indemnification against Kasowitz. "[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). "Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Id. "Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." (Emphasis added.) Atkinson v. Berloni, 23 Conn. App. 325, 327,580 A.2d 84 (1990).
"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed." (Emphasis added.) CT Page 8892Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989), citing 2A Larson, Workmen's Compensation Law § 76.
Kasowitz essentially argues that the defendants' counterclaim for indemnification is barred by the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284,[1] because the issue of an employer's negligence in an action by an employee against a third party cannot be raised by the third party in a claim for indemnification against the employer. Nevertheless, in Ferryman v. Groton, supra,212 Conn. 146, the court concluded that "§ 31-284 does not necessarily furnish the exclusive remedy against employers in the context of negligence actions, and that indemnification is possible under appropriate circumstances." Although the court inFerryman agreed that allegations based solely upon "active or primary negligence" versus "passive or secondary negligence" are simply inadequate to establish an independent legal relationship, the court held that the exclusive remedy provision was inapplicable in that case because there were "sufficient other allegations in the third party complaint that may establish the required independent relationship" between the defendant and the employer. (Emphasis added.) Id., 145.
Addressing a motion to strike the defendant's third-party claim for common law indemnification against the decedent's employer, the court in Ferryman v. Groton found that the third party plaintiff sufficiently pleaded an independent legal relationship between itself and the decedent's employer, Electric Boat, by alleging that Electric Boat owned, operated, maintained and controlled the station where the plaintiff was killed; that Electric Boat controlled access to the property; and that an Electric Boat employee unlocked the premises allowing the plaintiff's decedent to gain access to the area where he was killed. Id., 145-46. The court stated that "[w]hen viewed in the light most favorable to the pleader, . . . the complaint discloses the essentials of either a co-owner relationship, a bailor-bailee relationship or a lessor-lessee relationship, any one of which could contain the express or implied independent, legal duty that would serve to preclude the operation of the exclusive remedy provision of § 31-284." (Citation omitted; internal quotation marks omitted.) Id., 146. Because the allegations of the third party complaint were facially sufficient to establish an independent legal relationship between the defendant and the decedent's employer, the court concluded that the employee-employer relationship between the plaintiff's CT Page 8893 decedent and his employer did not bar the third party claim for indemnification. Id., 139.
In Durniak v. August Winter Sons, Inc., 222 Conn. 775
(1992), our Supreme Court held that it was not proper for a defendant to raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer where the intervening complaint was based solely upon the statutory rights accorded me plaintiff's employer under General Statutes § 31-293. In a footnote, however, the court left open the possibility that the result might be different if the special defense alleged not only the employer's negligence but also the existence of some independent relationship between the defendant and the employer, or if the defendant, having filed a general denial of the material allegations of the plaintiff's complaint, "sought to make an evidentiary showing that it was the employer's conduct rather than the defendant's conduct that had proximately caused the employee's injuries. See Williams v. Union Carbide Corporation,734 S.W.2d 699, 703 (Tex.Ct.App. 1987)". Id. at 782, n. 5.
In this case, there are sufficient allegations in the defendants' counterclaim, which, if proved, may establish that there existed the requisite independent legal relationship between the defendants and Kasowitz, and that it was Kasowitz's conduct that proximately caused the plaintiff's injuries. The defendants allege that Kasowitz was negligent in supplying and installing the rear dump gate and hook and chain mechanism which they, knew, or should have known, was inadequate to bear the weight of the door and to hold the door secure. Recognizing that "[w]hat is necessarily implied need not be expressly alleged," Id., 146, the defendants have thus pleaded sufficient facts to set forth a claim that Kasowitz's duty to the defendants to supply and install adequate component parts represents a duty independent of any duty Kasowitz owed to its employees, thus creating "an exception to the exclusive remedy provision of the [Connecticut] Workers' Compensation Act." Coello v. Tug Mfg.Corp., 756 F. Sup. 1258, 1264 (W.D. Mo. 1991) (employer's duty to supply defect-free component parts to the defendant manufacturer, which was independent of any duty to its employee, creates an exception to the exclusive remedy provision of the Workers' Compensation Act). See also Carneiro v. Alfred B. King Co.,32 Conn. Sup. 210, 214, 347 A.2d 20 (Super.Ct. 1975) (exclusive remedy provision of the Workers' Compensation Act did not bar an indemnification claim by the manufacturer of allegedly defective CT Page 8894 bracket where the employer allegedly supplied the steel used in manufacturing the bracket, creating "an entirely independent and separate duty").
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984). The intervening plaintiff here has failed to refute the defendants' allegations of negligence by way of affidavits or other documentary evidence. Furthermore, in its motion and supporting memorandum, Kasowitz does not allege facts rendering beyond dispute the non-existence of an independent legal relationship between itself and the defendants. Kasowitz has thus failed to meet its burden to show that there is no genuine issue of material fact as to whether an independent legal relationship exists, and it therefore cannot prevail on its claim that it is entitled to judgment as a matter of law.
The motion for summary judgment is therefore denied.
Jonathan E. Silbert, Judge