NUMBER 13-02-325-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



ARNOLD RAY MANGUM, Appellant, 

v.


EQUISTAR CHEMICAL COMPANY, VELVA NURSE,

FRANK HASTINGS, AND MAC TREJO, ET AL. Appellees.




On appeal from the 130th District Court

of Matagorda County, Texas.







MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Chief Justice Valdez


 This is an appeal of a summary judgment rendered against the appellant in a case involving allegations of breach of
contract, civil conspiracy, wrongful discharge, tortious interference, and defamation. Appellant, Arnold Ray Mangum,
brought suit against appellees, Equistar Chemical Company, Velva Nurse, Frank Hastings, Mac Trejo, Mark Gaddy, and
Pam Patterson after being terminated from Equistar. Appellant alleged that Equistar breached its employment contract with
the appellant and failed to provide written notice of reasons for his termination. Appellant also alleged that Nurse,
Hastings, Trejo, Gaddy, and Patterson engaged in civil conspiracy, which resulted in his termination, and interfered with
the employment contract between appellant and Equistar. Additionally, appellant alleged that appellees knowingly made
false statements about him that caused him harm. 

 In defense, Equistar alleged that it terminated appellant based on accusations of sexual harassment by Nurse, appellant's
co-worker. The trial court entered a summary judgment against appellant, and this appeal ensued. We affirm the judgment
of the trial court.

Standard of Review


 The standard of review for a motion for summary judgment is well established by the supreme court of Texas. Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The movant for summary judgment has the burden of
showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Evidence
favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue precluding
summary judgment. Id. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved
in its favor. Id.

 We review the trial court's granting or denial of summary judgment de novo. Natividad v. Alexis, Inc., 875 S.W.2d 695,
699 (Tex. 1994); Tex. Commerce Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.- Corpus Christi
2000, pet. denied). A traditional summary judgment is proper when the summary judgment proof establishes as a matter of
law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of
action, or when the defendant has conclusively established all elements of its affirmative defense. McCord v. Dodds, 69
S.W.3d 230, 231 (Tex. App.- Corpus Christi 2001, pet. denied).

 A no evidence summary judgment asserts there is no evidence of one or more essential elements of claims upon which the
opposing party would have the burden of proof at trial. Tex. R. Civ. P. 166a (i). A no evidence summary judgment is
essentially a pretrial directed verdict to which the appellate courts apply a legal sufficiency standard of review. AMS
Constr. Co. v. Warm Springs Rehab. Found., 94 S.W.3d 152, 159 (Tex. App.- Corpus Christi, no pet.). A no evidence
motion for summary judgment is properly granted only if the non-movant fails to bring forth more than a scintilla of
probative evidence to raise a genuine issue of material fact as to the challenged element of the claims. Id.; see Tex. R. Civ.
P. 166a(i). 

 Although appellees filed both traditional summary judgment and no evidence summary judgment motions, the trial court's
order does not distinguish between the two, and grants the traditional motion for summary judgment as to all claims
asserted by appellant against appellees. Moreover, appellant's brief does not challenge the trial court's failure to address the
no evidence motion for summary judgment in its order, so this Court will review appellant's points of error under the
standard of review applicable to traditional summary judgments. 

Inadequate Notice


 On March 1, 2002, appellees submitted separate motions for summary judgment and no evidence summary judgment on
grounds that appellant's claims failed as a matter of law. The motions were served on appellant on March 1, 2002, and the
hearing date for the motions was set on March 12, 2002. This date was not set in compliance with Texas Rule of Civil
Procedure 166a(f). Tex. R. Civ. P. 166a(f). Despite the inadequate notice, appellant filed separate responses to the motions
for summary judgment and no evidence summary judgment on March 11, 2002. The trial court signed an order granting
appellees' motion for summary judgment on March 15, 2002. 

 Appellant asserts that the court erred in failing to set a later hearing date and time for the appellees' motion for summary
judgment, resulting in inadequate notice. Texas Rule of Civil Procedure 166a (c) states that except on leave of court, with
notice to opposing counsel, the motion for summary judgment and all supporting affidavits shall be filed and served at least
twenty-one days before the time specified for hearing. Tex. R. Civ. P. 166a(c). It lies within the sound discretion of the
trial court whether to accept or consider late filings under this rule. Mowbry v. Avery, 76 S.W.3d 663, 688 (Tex.
App.-Corpus Christi 2002, pet. filed). Appellant's failure to file a motion for continuance waives his complaint that he did
not receive adequate notice of the appellees' motion for summary judgment. Id.; Gonzalez v. Nielson, 770 S.W.2d 99, 101
(Tex. App.-Corpus Christi 1989, writ denied). 

 There is nothing in the record that shows appellees had leave of court to file and serve the motion less than twenty-one
days before the hearing was scheduled. The appellant's brief states that he objected in open court to the untimely filing of
the motion by appellees, and that the trial judge told appellees' counsel that the filing of the motion was improper. 
Appellant's statements are not reflected in the record, however, and we are unable to consider any statements in appellant's
brief which are completely outside the record and unsupported by any evidence. Perry v. S.N., 973 S.W.2d 301, 303 (Tex.
1998); Baker v. Charles, 746 S.W.2d 854, 855 (Tex. App.-Corpus Christi 1988, no writ); Estate of Arrington v. Fields, 578
S.W.2d 173, 183 (Tex. Civ. App.-Tyler 1979, writ ref'd n.r.e.); Schlang v. Schlang, 415 S.W.2d 28, 29 (Tex. Civ.
App.-Houston [1st Dist.] 1967, writ ref'd n.r.e.). 

 The non-movant's failure to object to late notice of a motion for summary judgment waives error. Rios v. Tex. Bank, 948
S.W.2d 30, 33 (Tex . App.- Houston [14th Dist.] 1997, no writ); Wyatt v. Furr's Supermarkets, Inc., 908 S.W.2d 266, 270
(Tex. App.- El Paso 1995, writ denied); Luna v. Estate of Rodriguez, 906 S.W.2d 576, 582 (Tex App.- Austin 1995, no
writ); Veal v. Veterans Life Ins. Co., 787 S.W.2d 892, 895 (Tex. App.- Texarkana 1989, no pet.); Davis v. Davis, 734
S.W.2d 701, 712 (Tex. App.- Houston [1st Dist.] 1987, writ ref'd n.r.e.). Appellant filed a response to the motion for
summary judgment, yet he failed to raise the issue of untimely notice. Even if the trial court erred in hearing the motion for
summary judgment, appellant's failure to object to late notice waived the error that he had less than twenty-one days' notice
of the hearing. Davis, 734 S.W.2d at 712; Wyatt, 908 S.W.2d at 270.

 Appellant did raise the issue of untimely notice in his motion for new trial; however, he failed to preserve the issue for
appellate review. It is only when a party is not given notice of the summary judgment hearing, or a party is deprived of its
right to seek leave to file additional affidavits or other written response that it may preserve error in a post trial motion. 
May v. Nacadoches Mem'l Hosp., 61 S.W.3d 623, 626 (Tex. App.-Corpus Christi 2001, no pet.). There was adequate time
for appellant to file a written objection prior to the hearing date set for the motion for summary judgment. Thus, since
appellant failed to comply with rule 166a (c)'s mandate that all issues be presented in writing, he has waived his right to
raise such issue on appeal. May, 61 S.W.3d at 627; Rios, 948 S.W.2d at 33. Accordingly, appellant's first issue is
overruled. 

Inadequate Time to Complete Discovery

 In his second point of error, appellant asserts that the trial court failed to give him adequate time to complete discovery
and respond to the appellees' motion for summary judgment. 

 When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it
must file either an affidavit explaining the need for further discovery or a verified motion for continuance. Tex. R. Civ. P.
166a(g); Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996);Keszler v. Mem'l Med. Ctr. of E. Tex., 105
S.W.3d 122, 130 (Tex. App.-Corpus Christi 2003, no pet.); Two Thirty Nine Joint Venture v. Joe, 60 S.W.3d 896, 902
(Tex. App. Dallas 2001, pet. denied); Appellant never filed an affidavit or a motion for continuance based on the need for
further discovery, and by failing to do so he has waived error. Scott v. Commercial Servs. of Perry, Inc., No.
12-01-00233-CV, 2003 Tex. App. LEXIS 5883, at *12 (Tyler July 9, 2003, no pet. h.). We overrule appellant's second
issue.

Breach of Contract


 In his third point of error appellant contends that the trial court erred in granting appellees' motion for summary judgment
because a contract existed between appellant and Equistar. At-will employment is a longstanding doctrine in Texas. Tex.
Dept. of Health v. Rocha, 102 S.W.3d 348, 354(Tex. App.-Corpus Christi 2003, no pet.). Under the employment-at-will
doctrine, absent a specific agreement to the contrary, the relationship between an employer and employee is "at-will,"
meaning that either party may terminate the employment relationship at any time for any reason or no reason at all. 
Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998). A discharged employee who asserts that the
parties have contractually agreed to limit the employer's right to terminate the employee at will has the burden of proving
an express agreement or written representation to that effect. Ronnie Loper Chevrolet-Geo v. Hagey, 999 S.W.2d 81, 83
(Tex. App. -Houston [14th Dist.] 1999, no pet.). This Court has held that in order to rebut the presumption of employment
at-will, an employment contract must directly limit in a "meaningful and special way" the employer's right to terminate the
employee without cause. Matagorda County Hosp. Dist. v. Burwell, 94 S.W.3d 75, 88-89 (Tex. App.-Corpus Christi 2002,
no pet.); Rios v. Tex. Commerce Bancshares, 930 S.W.2d 809, 815 (Tex. App.-Corpus Christi 1996, writ denied). That is,
an employer's statements concerning termination rights in employment literature may modify the at-will relationship if the
statements specifically and expressly curtail the employer's right to terminate the employee. Matagorda, 94 S.W.3d at 89.

 

 Appellant contends that Equistar modified his employment at-will status based on representations made in its Standards of
Business Ethics and Conduct Manual. In an employment at-will situation, an employee policy handbook or manual, does
not, of itself, constitute a binding contract for the benefits and policies stated unless the manual uses language clearly
indicating an intent to do so. Werden v. Nueces County Hosp. Dist., 28 S.W.3d 649, 651 (Tex. App.-Corpus Christi 2000,
no pet.); Gamble v. Gregg County, 932 S.W.2d 253, 255 (Tex. App.-Texarkana 1996, no writ). Equistar's Standards of
Business Ethics and Conduct Manual does not contain express contractual language that modifies appellant's employment
at-will status. Rather, it refers to policies, procedures, and guidelines. We conclude that the summary judgment evidence
indicates that appellant was an employee at-will. Accordingly, we overrule appellant's third point of error. 

 Appellant asserts in his fourth point of error that the trial court erred in granting summary judgment because whether
Equistar breached its contract with the appellant was a question for the jury. We have already held that appellant was an
employee at-will, therefore appellant's fourth point of error is overruled. 

Civil Conspiracy 




 In his fifth point of error appellant asserts that the trial court erred in granting the appellees' motion for summary judgment
on the appellant's conspiracy claims because whether or not appellees engaged in a civil conspiracy was a question of fact
for the jury. 

 A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful
purpose by unlawful means. Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 614 (Tex. 1996). The essential
elements of a civil conspiracy action are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds
on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. Massey v.
Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); Michael v. Dyke, 41 S.W.3d 746, 753 (Tex. App.-Corpus Christi 2001,
no pet.). In his brief appellant claims that he has met each of the elements of civil conspiracy. However, appellant fails to
provide appropriate citations to authority and to the record that support this claim in accordance with Texas Rule of Civil
Procedure 38.1(h). See Tex. R. Civ. P. 38.1(h). An appellate court is not required to make an independent, unguided search
of the record for evidence supporting a party's position or to determine the validity of an issue. In re K.S., 76 S.W.3d 36,
44 (Tex. App.-Amarillo 2002, no pet.). 

 We overrule appellant's fifth point of error. 

Defamation


 In his sixth and seventh points of error, appellant asserts that the trial court erred in granting the appellees' motion for
summary judgment on his slander claim because whether or not appellees slandered him was a question of fact for the jury.

 Appellant claims that appellees defamed him by continuously repeating allegations of misconduct to both employees and
non-employees of Equistar. The appellate court's only duty on reviewing a summary judgment in a defamation case is to
determine if a material question of fact exists. Alaniz v. Hoyt, 105 S.W.3d 330, 345 (Tex. App.-Corpus Christi 2003, no
pet.). Appellant's answer to the motion for summary judgment fails to cite any authority or provide any analysis of his
defamation claim other than stating that appellees and their agents published false and misleading statements about him "to
the world." Appellant failed to provide any affidavits, witnesses or other evidence to support his defamation claim. 
Additionally, in his brief appellant fails to direct the court to any evidence in the record that a genuine issue of material
fact exists as to this claim. Appellant has waived error on this issue based on inadequate briefing. Texas Rule of Appellate
Procedure 38.1(h) requires that the brief contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record. Tex. R. App. P. 38.1(h). Appellant provides no meaningful argument and cites no
authority to support his contentions under this issue. Points of error must be supported by argument and authorities, and if
not so supported, the points are waived. Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983). Accordingly, appellant's
sixth and seventh points of error are overruled.

General Assertion of Error


 Appellant generally asserts in his eighth point of error that the trial court erred in granting the appellees' motion for
summary judgment on all grounds asserted by appellees. See Malooly Bros. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 
Because this issue sets forth no additional arguments other than those addressed above, we need not separately address it. 
We overrule appellant's eighth issue.

 For the foregoing reasons, we affirm the trial court's judgment. 



 

 Rogelio Valdez,

 Chief Justice



 Opinion delivered and filed

this 11th day of September, 2003.