Robert O. VARELA, Appellant,

v.

AMERICAN PETROFINA CO. et al., Appellees.

No. 09–82–019–CV.

Court of Appeals of Texas, Beaumont.

Jan. 6, 1983.

Rehearing Denied Feb. 6, 1983.

Roger McCabe, Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellant.

John H. Benckenstein, Benckenstein, Norvell & Bernsen, Beaumont, for appellees.

DIES, Chief Justice.

Plaintiff below, Robert O. Varela, was a carpenter for Hydrocarbon Construction Co. (hereafter "Hydrocarbon") which was constructing a project for American Petrofina (hereafter "Petrofina"). Plaintiff allegedly slipped and fell, sustaining injuries. Plaintiff settled with Hydrocarbon's worker's insurance carrier for $18,000 and medical, and sued Petrofina, defendant below, for his alleged injuries. Defendant filed a third-party action against Hydrocarbon seeking contribution and indemnity. Issues submitted to the jury determined defendant's negligence at 43 percent, Hydrocarbon's at 42 percent, and plaintiff Varela's at 15 percent. The damages found by the jury were $606,800. The trial court entered judgment of $260,924 against defendant Petrofina based on the jury's findings, that it, defendant, was 43 percent negligent, and plaintiff

Varela was 15 percent negligent, from which plaintiff perfects this appeal contending he is entitled to judgment against defendant for $515,780. Appellant's argument is that the trial court erroneously applied the modified comparative negligence statute, Tex.Rev.Civ.Stat.Ann. art. 2212a (1973); that the damage award should be reduced only by his 15 percent negligence. We disagree.

In *Texas Industries, Inc. v. Lucas,* 634 S.W.2d 748 (Tex.App.—Houston [14th Dist.] 1982, no writ), the Court upheld the trial court's disregard of a jury finding on an immune employer's negligence, which appellant proposed should have been deducted from its liability pursuant to *Article 2212a § 2(d)*. Appellants there characterized their issue on appeal as being "to what extent a defendant should be liable for the negligence of another party when neither the plaintiff nor the defendant can sue that other party." The court reasoned that if appellee-employee's cause of action is precluded by the Worker's Compensation Act, *Tex.Rev.Civ.Stat.Ann. art. 8306, § 3* (1963), it "defies reason" to suggest that the employer's negligence should be considered in determining appellant's liability under *Article 2212a.* Thus, the immune employer's percentage of negligence is out of the suit entirely.

Although the procedural posture of plaintiff Varela's appeal is different from that in *Texas Industries, Inc. v. Lucas,* supra, plaintiff below seeking to have an immune employer's negligence added to defendant's liability rather than defendant seeking to have an immune employer's negligence deducted from its liability, the issue is the same; "to what extent a defendant should be liable for the negligence of another party when neither the plaintiff nor the defendant can sue that other party." *Texas Industries, Inc. v. Lucas,* supra at 756. Similarly, Petrofina is mistaken in its contention that it is entitled to have deducted from its liability the amount of the judgment the worker's compensation carrier paid plaintiff Varela.

An appellate court generally accords jury findings almost "conclusive force," 5 Tex. Jur.3d *Appellate Review* § 687 (1980). Plaintiff Varela is asking us to disturb the jury finding of 43 percent negligence on Petrofina's part and to impose a finding of 85 percent negligence. This we cannot do.

■ A final question remains, should Hydrocarbon's negligence even be submitted to the jury? If it is out of the case as *Texas Industries, Inc. v. Lucas,* supra, suggests, why is it proper even to submit it to the jury? The answer, in fairness, seems to be that the jury in assessing the various percentages of negligence is going to reach 100 percent.[1] And Petrofina should only be liable for the percentage of its negligence, regardless of any other factor such as Hydrocarbon's immunity. And, this jury, after hearing the evidence, indeed found Petrofina's negligence affected by Hydrocarbon's negligence. Petrofina had the right to make this defense even though neither it nor plaintiff Varela can ever recover one penny from Hydrocarbon.

Plaintiff's point of error is overruled. This makes it unnecessary to consider Petrofina's crosspoints. The trial court correctly applied *Article 2212a* in granting final judgment against Petrofina. "Any damages allowed" under *Article 2212a § 1* does not include damage awards based on an immune employer's negligence.

The judgment of the trial court is affirmed.

AFFIRMED.

BROOKSHIRE, J., not participating.

---

1. *Texas Pattern Jury Charges* suggest the following instruction if the court concludes that the percentages should total 100 percent:

"In answering this question, you should consider only the negligence of [plaintiff], [defendant], and [defendant] which you have found to be a proximate cause of the occurrence; therefore, the percentages should add up to 100%."

1 State Bar of Texas, *Texas Pattern Jury Charges § 3.14,* at 33 (Supp.1973).