Robert O. VARELA, Petitioner,

v.

AMERICAN PETROFINA COMPANY
OF TEXAS, INC., Respondent.

No. C–1953.

Supreme Court of Texas.

Oct. 5, 1983.

Rehearing Denied Nov. 9, 1983.

Mehaffy, Weber, Keith & Gonsoulin, Robert A. Black and Roger S. McCabe, Beaumont, for petitioner.

John H. Benckenstein, Beaumont, for respondent.

WALLACE, Justice.

This is an appeal from a third-party negligence action brought by an employee covered by workers' compensation insurance. The trial court submitted an issue inquiring as to the negligence of the employee, the employer and the third-party defendant. Judgment was rendered for the amount of damages found by the jury reduced by the proportion of negligence of both the employee and the employer. The court of appeals affirmed. 644 S.W.2d 903. We reverse the judgments of the courts below and render judgment for the employee for the total amount of damages found by the jury reduced only by the proportion of negligence of the employee.

Robert O. Varela was employed by Hydrocarbon Construction Company (Hydrocarbon), who was performing a "turnaround" on a fluid catalytic cracking unit owned and operated by American Petrofina Company of Texas (Petrofina). During the course of performing the "turnaround" Varela was injured as a result of a fall due to an alleged premises defect. After settling his workers compensation claim with Hydrocarbon's workers compensation carrier, Varela sued Petrofina for the damages resulting from his injuries. In response to a special issue, the jury apportioned the negligence of the parties as follows: Varela 15%, Hydrocarbon 42% and Petrofina 43%. The jury further found damages for Varela in the sum of $606,800. The trial court rendered judgment for $243,924.00, or 43% of the total damages. The court of appeals affirmed.

The sole question before us is whether an employer's negligence may be con-

sidered in a third-party negligence action brought by an employee arising out of an accidental injury covered by workers' compensation insurance. We hold that under applicable statutes, the employer's negligence may not be considered.

Article 8306, Sec. 3.[1] states in pertinent part:

The employees of a subscriber ... shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries ... but such employees ... shall look for compensation solely to the association .... If an action for damages on account of injury ... is brought by such employee ... against a person other than the subscriber ... and if such action results in a judgment against such other person, or results in a settlement by such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement .... No part of this Section is intended to lessen or alter the employees existing rights or cause of action ... against ... any third party.

■ The above quoted statute abrogates the covered employee's right to recover common law damages from the employer for personal injury covered by the Workers' Compensation Act. However, the employee may seek recovery from a third party whose negligence contributed to the injury. In the event of recovery the negligent third party is barred from seeking contribution or indemnity from the employer, and the compensation carrier is entitled to reimbursement for all compensation and medical expenses paid.

Article 2212a generally governs the liability of joint tortfeasors. Section 1 provides that a plaintiff shall recover if his negligence is not greater than the negligence of the defendant and, "... any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering." Section 2(b)

stipulates that "... contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant." Subsection 2(c) provides that "[e]ach defendant is jointly and severally liable for the entire amount of the judgment ... except ... a defendant whose negligence is less than that of the claimant ...." Subsection 2(e) provides that in the event of a settlement with a defendant "... the settlement is a complete release of the portion of the judgment attributable to the percentage of negligence found on the part of the [settling] tortfeasor."

We hold that Article 8306, § 3 is an exception to Article 2212a, § 2(b). When read together those two Articles indicate the intent of the Legislature that where the third party defendant's negligence is greater than that of the employee, the employee shall recover the total amount of damages as found by the jury diminished only in proportion to the amount of the negligence attributed to the employee.

Petrofina contends that upon settlement of the workers' compensation claim the employer became a settled tortfeasor and thus § 2(e) of Art. 2212a mandates that Petrofina be credited with a reduction of damages equal to that percentage of negligence attributable to Hydrocarbon. It simply stretches the concept of settlement too far to hold that by not rejecting coverage of workers' compensation insurance in writing within five days of commencing employment, an employee has settled any and all future claims against the employer. Further, a defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought. *Grove Mfg. Co. v. Cardinal Constr. Co.*, 534 S.W.2d 153, 156 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The Workers' Compensation Act, Article 8306, § 3, precludes any right by Varela to a cause of action against Hydrocarbon for common law negligence. *Paradissis v. Royal Indem. Co.*, 507 S.W.2d

1. All references are to Tex.Rev.Civ.Stat.Ann. unless otherwise indicated.

526 (Tex.1974). Since Varela had no cause of action against Hydrocarbon, Petrofina had no claim for contribution from Hydrocarbon. Since Petrofina had no claim for contribution, § 2(e) of Art. 2212a has no application to this case.

The judgments of the courts below are reversed and judgment is rendered for Varela in the amount of $515,780.00 plus interest from the date of judgment.