### Edward ERICKSON

v.

### HARVEY HUBBELL, INC.

### No. CA3-82-0972-F.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 27, 1984.

---

Richard K. Berger, Dallas, Tex., for plaintiff.

J.W. Payne, Dallas, Tex., for defendant.

ORDER

ROBERT W. PORTER, District Judge.

Came on to be heard Plaintiff's Motion to Strike Paragraph 11 of Defendant's amended answers and Defendant's opposition thereto. Upon consideration of the briefs and issues, the motion will be denied. Additionally, Defendant's answer will be interlined to include the defense of sole cause, as urged in their brief.

Plaintiff has sued Defendant under a strict product liability theory and Defendant pleads, as one defense, that Plaintiff's employer was contributorily negligent. Plaintiff argues that Texas law forbids consideration of the employer's negligence when the employer subscribed to worker's compensation (and such a claim by Plaintiff has been settled). *Varela v. American Petrofina Company of Texas, Inc.,* 658 S.W.2d 561 (Tex.1983). The *Varela* decision, however, did not address the workers' compensation issue in a strict products liability setting. It considered the "sole question ... [of] whether an employer's negligence may be considered in a third-party *negligence* action brought by an employee arising out of an accidental injury covered by worker's compensation insurance." *Id* at 561–62. (emphasis added). In that setting, the Court held that Article 8306(3) protected the employer from suit by Plaintiff or suit by a negligent third party defendant for contribution. In other words, an exception to Article 2212a which governs allocation of liability among negligent joint tort-feasors was recognized.

This case, however, raises the unaddressed issue of employer's liability when the action arises not from negligence but strict products liability. The State Supreme Court's recent *Duncan* decision adopted a "comparative causation" standard for strict products liability actions. *See, Duncan v. Cessna Aircraft Company,* 665 S.W.2d 414 (Tex.1984). While the Texas Supreme Court found it appropriate for the jury to consider and apportion cause among (a) the alleged defective prod-

uct (b) the Plaintiff, and (c) other (perhaps negligent) defendants (including settling tort-feasors) no mention was made regarding employers having settled via workers compensation.

Plaintiff invites this Court to extend the *Varela* exclusion—that insulates employers—to this strict tort liability action. Absent a clear indication that Texas law so requires, the Court will decline Plaintiff's invitation.

The *Duncan* Court recognizes the unfairness of strict liability law without apportionment (665 S.W.2d at 425) and notes that comparative causation is "a feasible and desirable means of eliminating confusion and achieving efficient loss allocation in strict liability cases." *Id.* at 427. The Court clearly stated, "the jury is asked to apportion responsibility between all whose actions or products combined to cause the entirety of the Plaintiff's injuries." *Id.* at 428 (citations omitted). If one of the tort-feasors has settled with Plaintiff, the *Duncan* scheme reduces the non-settling defendants' liability and the Plaintiff's recovery by the percent share of causation assigned to the settling tort-feasor by the trier of fact. *Id.* at 429.

In light of the directive of the Texas Supreme Court to apply its comparative causation standard to strict products liability cases, it would be most equitable to bring before the jury *all* actors who may have contributed to Plaintiff's damage—and Defendant alleges that includes Plaintiff's employer. In the absence of guidance from the Texas Supreme Court that it intends to shield employers from potential liability in this setting, as it was compelled to do by statute in *Varela*, the Court will apply *Duncan* here. Defendant will be allowed to advance evidence regarding the employer's contributory negligence and the jury will be able to consider whether, and in what proportion, that negligence contributed to cause Plaintiff's damage. The employer will be treated as a "settled tort-feasor" for *Duncan* apportionment purposes. Accordingly, it is hereby

ORDERED that Plaintiff's motion to strike Defendant's amended answer is denied and said answer is also construed to include the defense of sole cause.