Michael SAPPINGTON, Appellant,

v.

YOUNGER TRANSPORTATION,
INC., Appellee.

No. 13–87–240–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 8, 1988.

Rehearing Denied Oct. 20, 1988.

Rex L. Easley, Jr., Victoria, for appellant.

Emmett Sterling, Rodney Jack Reynolds, Houston, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

Appellant, Michael Sappington, brought a third party negligence action against appellee, Younger Transportation, Inc., for personal injuries resulting from an on-the-job accident. Appellee asserted at trial that the sole proximate cause of the accident was the negligence of other employees of appellant's employer, Rig Manufacturing, Inc. (RMI). The trial court included a sole proximate cause instruction in its charge. The jury found appellee negligent but further found that its negligence was not a proximate cause of harm. By two points of error, appellant contends the take-nothing judgment rendered against him should be overturned because the sole proximate cause instruction was erroneously submitted to the jury. We affirm.

On September 28, 1983, an employee of Younger, Leroy Spates, arrived at RMI's yard in a tractor pulling a lowboy trailer and a "jeep" [1] which was owned by Younger and which carried an inoperative drilling rig in need of repair. After an unsuccessful attempt to unhitch the trailer and drop the load, Spates asked John Blaylock, a supervisor for RMI, for help. They agreed that Blaylock would hook the trailer to RMI's crane or "cherrypicker" in order to relieve some of the weight from the hitch or "fifth wheel" [2] of the jeep so that Spates could disengage the hitch. Spates, Blaylock, and his rigger, or helper, all knew that the crane could not handle the com-

---

1. The "jeep" is a device having two axles and eight wheels connected to the back of the tractor. The lowboy trailer is connected to the "jeep." The purpose of the "jeep" is to provide additional load bearing axles for very heavy loads.

2. A "fifth wheel" is a circular platform on a tractor of "jeep" on which the trailer rests that is connecting the trailer to its means of propulsion. It is designed to unlatch so the trailer may be discharged.

bined weight of the trailer and its cargo, over 100,000 lbs, when the crane had a capacity of 40,000 lbs. The chain connecting the crane and trailer snapped and part of a broken link struck appellant, who was standing nearby, in the eye, injuring him severely.

The evidence and theories of plaintiff and defendant diverge on why the chain broke. The plaintiff's evidence, primarily through Blaylock and his helper, Richardson, was that the cherrypicker crane took enough load off the tractor's hitch to allow the defendant's driver, Spates, to disconnect the tractor-jeep from the trailer; but, rather than Spates moving the truck only a couple of inches after disconnecting so the trailer would still be supported by the hitch, Spates drove forward several feet, causing the full weight of the trailer to be borne by the crane, which in turn caused the chain to snap.

The plaintiff also claimed the defendant was negligent in not properly maintaining the fifth wheel hitch, so as to prevent the trailer from being unhitched without assistance.

The defendant, Younger Transportation Co., maintained the chain was improperly connected to the trailer, was weak because of earlier stretching, and snapped upon taking the weight of the trailer before Spates moved the tractor.

The jury found the defendant negligent in the maintenance of the fifth wheel on the jeep, but failed to find that it proximately caused the injury. The jury also failed to find that Spates was negligent in the manner in which he unhooked the jeep from the trailer. Those were the only negligence submissions.

At trial, the court included the following instruction in its charge to the jury:

> There may be more than one proximate cause of an event, but there can be only one sole proximate cause. If an act or omission of any person was the sole proximate cause of an occurrence, then no act or omission of any other person could have been a proximate cause.

■ Appellant's first point of error asserts that the trial court erred in submitting the sole proximate cause instruction because there were no pleadings to support it. However, Paragraph II of appellee's second amended original answer, which was timely filed, reads:

> For further answer, if such be necessary, Defendant further alleges that the accident complained of in Plaintiff's First Amended Original Petition, rather than being caused by any negligence on the part of Defendant, was *proximately and solely caused* by a new, independent, and efficient intervening cause. (emphasis ours)

We overrule point one.

Point two asserts that the sole proximate cause instruction should not have been given under the facts of the case.

■ An instruction or definition is properly submitted if it finds support in "any evidence of probative value or in the reasonable inferences that may be drawn therefrom, and if it may be of some aid or assistance to the jury in answering the issues submitted." *Badger v. Symon*, 661 S.W.2d 163, 165 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *see also* Tex. R.Civ.P. 277.

Appellee established at trial that the double-drop chain which was used to lift the rig on the date of the accident had a lifting capacity of 40,000 pounds (or 20,000 pounds per "drop"). Richardson and Blaylock both testified that, on several occasions prior to the appellant's accident, the chain had been used by RMI employees to lift more than 40,000 pounds of equipment, thereby overstressing and possibly weakening the chain.

Richardson also stated that he had personally hooked up the chain to the rig on the date in question such that the connecting links on the two drops were "pretty close." RMI President Clarence Long testified that if the two drops were not hooked up exactly evenly, one drop would bear the entire weight of the load and probably break. He further testified that one of Blaylock's duties was to inspect the chain for defects before each job.

Blaylock testified for the defense and stated that he only remembered seeing one of the drops hooked to Younger's truck-trailer at the time of the accident.

The foregoing evidence supports appellee's defensive theory that the breaking of the chain was proximately and solely caused by RMI's negligence.

■ Appellant argues that the instruction on sole proximate cause told the jury to consider the negligence of his employer, RMI, through the negligence of his fellow servants, contrary to the prohibition expressed in *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983). The court in *Varela* stated: "The sole question before us is whether an employer's negligence may be considered in a third-party negligence action brought by an employee arising out of an accidental injury covered by worker's compensation insurance. We hold that under applicable statutes, the employer's negligence may not be considered." *Id.* at 561–62. Facially, it appears that, in allowing consideration of the employer's negligence through the sole proximate cause instruction, *Varela* has been violated in the instant case.

However, *Varela* dealt with the apportionment of negligence between the plaintiff, his covered employer, and the third party defendant under the comparative negligence statute, Tex.Rev.Civ.Stat.Ann. art. 2212a, § 2(b) (Vernon 1971) (repealed). As a result of the trial court's consideration of the percentage of negligence of the employer, the recovery of the plaintiff was diminished as against the third party defendant. The court held that "the employer shall recover the total amount of damages as found by the jury diminished only in proportion of the negligence attributed to the employee.

In *Williams v. Union Carbide*, 734 S.W.2d 699, 702 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), the court held that *Varela* does not prohibit the introduction of evidence as to the employer's negligence in an employee's third party action.

Similarly, causation by the employer's other employees was in issue here. We do not read *Varela* as prohibiting evidence of an employer's negligence or causation in a third party action when the negligence is not for reduction of damages or contribution under the former art. 2212a, now Tex. Civ.Prac. & Rem.Code Ann. § 33.001, *et seq.* Thus, the employer's negligence through the appellant's fellow servants could properly be considered in determining causation.

No special issues on sole proximate cause are proper, because sole proximate cause inferentially rebuts any other proximate cause, and inferential rebuttal issues are forbidden by Rule 277. *Sendejar v. Alice Physicians & Surgeons Hospital, Inc.*, 555 S.W.2d 879, 887 (Tex.Civ.App.— Tyler 1977, writ ref'd n.r.e.). However, the concepts behind the issues that are no longer submitted to the jury are now given to the jury as instructions. The giving of an instruction is said to be within the discretion of the court. *Baker Marine Corp. v. Moseley*, 645 S.W.2d 486, 488–89 (Tex.App. —Corpus Christi 1982, writ ref'd n.r.e.). The purpose of an instruction is to assist the jury, although caution is to be exercised in giving superfluous instructions that tend to nudge or direct the jury away from the real issues in the case. *Acord v. General Motors*, 669 S.W.2d 111, 116 (Tex. 1984); *see also First International Bank v. Roper Corp.*, 686 S.W.2d 602, 605 (Tex. 1985).

Although the instruction on sole proximate cause is an archaic and confusing way of stating the obvious, it is a well-approved instruction in Texas law.

Point of error number two is overruled.

The judgment of the trial court is AFFIRMED.