**DRESSER INDUSTRIES, INC., Appellant,**

v.

**Arthur B. LEE, Appellee.**

**No. 12–90–00182–CV.**

Court of Appeals of Texas, Tyler.

Dec. 13, 1991.

Rehearing Denied Feb. 11, 1992.

John Smith, Longview, Mike Hatchell, Molly Anderson, Tyler, for appellant.

Blake Bailey, Tyler, for appellee.

COLLEY, Justice.

This is a strict products liability case. Plaintiff/appellee Arthur B. Lee, an employee of Tyler Pipe Industries, Inc. from 1964 to 1972, became unable to work in 1985 due to a debilitating lung disease diagnosed as "silicosis." It is undisputed that such disease was brought on by inhalation of tiny particles of air-borne silica, referred to herein as "silica flour," which embeds itself in lung tissue, ultimately inducing the fibrotic lung disease known as silicosis.

It is likewise undisputed that Tyler Pipe is an employee-subscriber to workers' compensation insurance, and that Lee's exposure to the silica arose out of his employment at Tyler Pipe, and that his injuries were covered by workers' compensation insurance under the Texas Workers' Compensation Act.

The record reveals that Lee filed this suit on June 17, 1987, *after* the decision in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984), and *before* the effective date of the 1987 amendments to chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE (Vernon Supp.1991). Therefore, this case is controlled by *Duncan's* scheme of "pure" comparative causation, and other applicable rationale. *Duncan*, 665 S.W.2d at 429.

Although this action was brought against Dresser on three legal theories of liability, *viz*, strict liability, negligence, and breach of implied warranty, the case was submitted to the jury on Lee's strict liability theory. The jury found that "Dresser's failure to warn of the danger [of silica] render[ed] the silica unreasonably dangerous as marketed." The jury found "such failure [was] a producing cause of the disease in question ... [silicosis]." The jury also found that Dresser's silica product caused "96%" of Lee's silicosis disease, and that the product of a settling tort-feasor, Pennsylvania Glass–Sand Corporation, caused "4%" of the disease.

Upon receipt of the verdict, the trial court signed and entered a judgment in favor of Lee against Dresser for the substantial damages found by the jury.

Dresser presents five points of error. It argues under its points of error that the trial court erred, (1) in refusing to submit its requested definitions of "negligence," "ordinary care," and "proximate cause"; (2) in refusing to submit its requested question inquiring about Lee's negligence [1] and its comparative causation percentage; (3) in excluding portions of James Presswood's testimony relevant to the question of Lee's negligence; (4) in refusing to submit its requested sole cause instruction, reading:

There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the 'sole proximate cause' of an occurrence, then no act or omission of any other person could have been a proximate or producing cause[;]

and (5) in excluding portions of the testimony of certain witnesses and excluding Dresser's tendered exhibits numbers 6, 7, 8, 9, and 18 in respect to the conduct of Tyler Pipe and the requested sole cause instruction.

Because we conclude that the requested question regarding Lee's negligence was not in substantially correct form, and because we conclude that the rule of *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983), prohibits any consideration of Tyler Pipe's conduct, we will affirm the judgment.

In considering points one, two and three, we observe that *McKisson v. Sales Affiliates, Inc.*, the court expressed "agree[me]nt with the Torts Restatement rule relating to contributory negligence as a defense to an action based upon strict liability, *viz*:

'Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its exist-

1. The requested question reads, "Do you find from a preponderance of the evidence that the injuries, if any, being suffered by Arthur Lee were caused by his negligence? Answer 'Yes' or 'No,' Answer: _____."

ence. * * * ' " § 402A [c]omment (n), Contributory Negligence.

*McKisson,* 416 S.W.2d 787, 790 (Tex.1967).

The court in *Duncan v. Cessna* reaffirmed *McKisson's* adoption of the "rule in § 402A comment n, of the *Restatement (Second) of Torts,* that negligent failure to discover or guard against a product defect is not a defense [in a strict liability action]" (citations omitted). *Duncan,* 665 S.W.2d at 432. Thus, in a strict liability tort action, if the plaintiff's negligence is submitted to a jury for determination, the question submitted must be limited so that the plaintiff's negligence in merely failing to discover the product defect, or to guard against the possibility of its existence, cannot form the basis for the jury's affirmative finding. Without limiting instructions to a broad form question, like the one at issue here, the jury would be authorized, contrary to the law of the case, to consider the plaintiff's negligence in failing to discover the product defect or to guard against that danger, here the "unreasonably dangerous character of air-borne silica in heavy concentrations." The record reveals that the requested broad form question of Lee's negligence was not accompanied by a limiting instruction precluding the jury's consideration of Lee's negligence which related solely to his failure to discover the danger (defect) or guard against its existence, nor was a proper limiting instruction included in the court's charge. Hence, we must conclude, contrary to Dresser's contentions, that the requested question of Lee's negligence was not in proper form under the law governing the case. TEX.R.CIV.P. 277, 278 ("failure to submit a question shall not be deemed a ground for reversal of a judgment, unless its submission *in substantially correct wording,* has been requested ... by the party complaining of the judgment ... [if that party has the burden of proof on the question]") (emphasis added); *see Cosgrove v. Grimes,* 774 S.W.2d 662, 666 (Tex.1989). We overrule Dresser's points of error one, two, and three.

 Finally, we address Dresser's points of error numbers four and five. Dresser

argues that the trial court erred in excluding evidence "regarding Tyler Pipe's conduct to support the sole cause defense and in denying the sole cause instruction."

Assuming, without deciding, that generally, sole cause is a substantive defense in strict liability suits in which the plaintiff sues on theories of strict liability, negligence, and breach of warranty, *see Duncan,* 665 S.W.2d at 423, we nevertheless overrule these points of error because of the rationale in *Varela v. American Petrofina Co.,* 658 S.W.2d 561 (Tex.1983). Dresser ably argues that the requested sole cause instruction should have been given, relying principally on *Turlington v. Phillips Petroleum Co.,* 795 F.2d 434 (5th Cir.1986), and *Sappington v. Younger Transportation, Inc.,* 758 S.W.2d 866, 868 (Tex.App.—Corpus Christi 1988, writ den'd).

As Dresser notes, this Court has heretofore had occasion to deal with *Varela. See W.B. Hinton Drilling Co. v. Zuniga,* 784 S.W.2d 442, 447–51 (Tex.App.-Tyler 1989, no writ). We reaffirm our opinion in *Hinton,* and reiterate our criticism of *Varela's* rationale, *see Hinton,* 784 S.W.2d at 450–51. While Dresser characterizes our interpretation of *Varela* as "broad," that is not so. As we said in *Hinton, Varela's* rule is itself broad and all encompassing. *Varela* plainly holds that the negligence of an employer-subscriber cannot be considered to effect a reduction of the plaintiff's employee's recoverable damages in a suit against a negligent third party. *Varela's* rule applies as well to strict product liability suits against a third party and to *Duncan's* pure comparative causation scheme. *Magro v. Ragsdale Bros. Inc.,* 721 S.W.2d 832, 835–36 (Tex.1986). *See also Howard P. Foley Co. v. Cox,* 679 S.W.2d 58, 63–64 (Tex. App.-Houston [14th Dist.] 1984, no writ).

We decline to follow *Turlington* for the same reasons we refused to follow *Sappington* and the other courts of appeals cases discussed by us in *Hinton.* Although we agree with Judge Garwood's declaration in *Turlington* that the Texas Supreme Court in *Varela* held that "the employer's negligence could not be con-

sidered to reduce the employee's recoverable damages in his [third party suit]," *Turlington,* 795 F.2d at 439, we cannot agree with the Fifth Circuit's conclusion that the employer's negligence can be considered to reduce the employee's recoverable damages by totally eliminating them under a jury's implied finding of sole cause. The latter conclusion, and the one in *Sappington,* are tainted by the same flawed logic. Hence, we reject both.

At oral argument, we permitted Dresser to provide a citation of *Allen v. Chance Manufacturing Co., Inc.,* 873 F.2d 465 (1st Circuit 1989), in regard to the sole cause instruction involving employer-subscriber conduct in a third party action by an employee-plaintiff. We have studied that case. The First Circuit's decision that the U.S. District Court erred in refusing to give the defendant's requested sole cause instruction was anchored on a holding by the Supreme Judicial Court of Massachusetts in *Correia v. Firestone Tire and Rubber,* 388 Mass. 342, 354–56, 446 N.E.2d 1033, 1040 (1983), wherein the Supreme Court of Massachusetts noted "that the negligence of a non-party" (there, the employer) can be taken into account when "[that party's] negligence, ... was the sole proximate cause of [the] injuries." *Allen,* 873 F.2d at 467 (citations omitted). Thus, *Allen* is inapposite as it applies the substantive law of the state of Massachusetts.

We conclude that *Varela* prohibits the admission of the conduct of Tyler Pipe in this suit and the submission of the requested sole cause instruction. Hence, the trial court did not err in excluding evidence of Tyler Pipe's conduct and in refusing to give the sole cause instruction to the jury. Dresser's points of errors four and five are overruled.

The judgment is affirmed.