Texas Engineering v. Parrish 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-183-CV

Â Â Â Â Â TEXAS ENGINEERING EXTENSION SERVICE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â RONALD PARRISH AND ANITA PARRISH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 85th District Court
Brazos County, Texas
Trial Court # 35,409-85
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is an appeal by Appellant Texas Engineering Service (TEES) from a judgment of
$75,000 (plus prejudgment interest) in favor of Appellee Ronald Parrish.
Â Â Â Â Â Â Parrish was injured September 5, 1990, while attending a training course at TEES' Fire
Fighting School. TEES is a facility of Texas A&M University and thus a unit of the State of
Texas. Parrish was employed by Shell Oil Company which had contracted with TEES for the
training of its firemen. TEES's responsibilities included provision of the training field and fuel
for the exercise. TEES' personnel trained the Shell employees, set up the exercise and supervised
the Shell personnel during the exercise. TEES' personnel operated the valves and pumps which
furnished fuel and water to the facility. The TEES employee who operated the valves during the
exercise, and the only person controlling the flow of fuel at the time of Parrish's injury, was Tim
Miskimen.
Â Â Â Â Â Â Four substances were fed into the facility: gasoline, diesel, propane and water. Only propane
traveled through the pipes under its own pressure. The other substances were transported through
the pipes by pumps.
Â Â Â Â Â Â There is evidence that Miskimen operated the valves out of proper sequence, i.e., failing to
close the gasoline valve before opening the propane valve, and that this caused a "blob" of burning
gasoline to fall upon Chris Hoover, a co-worker of Parrish, catching Hoover on fire. Hoover
panicked and ran into Parrish causing severe injuries to Parrish's knee. Medical bills for Parrish's
injuries were stipulated to be $14,295.28.
Â Â Â Â Â Â Appellee Parrish sued TEES under the provisions of the Texas Tort Claims Act (Section
101.021, Government Liability).
Â Â Â Â Â Â There was testimony that the operation of the fluid valves out of sequence caused the "blob"
of gasoline to emit and that the release of the burning gasoline was the cause of the event. There
was testimony that no Shell employee was operating any of the valves; and that the response by
Shell employees to this event was foreseeable.
Â Â Â Â Â Â Trial was to a jury which found as follows:
Â Â Â Â Â Â Question No. 1:Â Â Did the operation of the valve manifold and fuel piping system to the
Chemical Project at the Fireman Training School on September 5, 1990,
involve the operation or use of motor driven equipment?
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Answer:Â Â Â Â Â Â  Yes 
Â Â Â Â Â Â Question No. 2:Â Â Did the negligence, if any, of those named below proximately cause any
injury to Ronald Parrish?
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Answer:Â Â Â Â Â Â (a) TEESÂ Â Â Â Â  Yes 
(b) Parrish No 
Â Â Â Â Â Â Question No. 4:Â Â Did the negligence, if any, of the persons named below proximately cause
any injury to Ronald Parrish? In considering this question, consider only
any injury to Parrish proximately caused by a negligent use, if any, of
tangible personal or real property at the Chemical Project at the Fireman's
Training School on September 5, 1990.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Answer:Â Â Â Â Â Â (a) TEESÂ Â Â Â Â  Yes 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (b) ParrishÂ Â Â  No 
Â Â Â Â Â Â Question No. 6:Â Â [Found no premises defect]
Â Â Â Â Â Â Question No. 8:Â Â The damage question considering:
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (a)Â Â physical pain and mental anguish;
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (b)Â Â loss of earning capacity;
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (c)Â Â physical impairment; and
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (d)Â Â medical care.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Answer:Â Â Â Â Â Â $75,000
Â Â Â Â Â Â The trial court rendered judgment for Appellee Parrish for $75,000 plus prejudgment interest.
Â Â Â Â Â Â Appellant appeals on three points of error:
Â Â Â Â Â Â Point one: The trial court erred in entering judgment for Parrish because the jury issue on
which he prevailed was defective and omitted necessary elements for recovery.
Â Â Â Â Â Â Specifically, Appellant complains of Question No. 4. Appellant asserts the question to be
improper because it was submitted on a general negligence theory rather than as a premise defect,
and that such improper submission imposed a greater duty upon TEES than allowed by the Texas
Tort Claims Act.
Â Â Â Â Â Â Section 101.021, Government Liability, provides:
Â Â Â Â Â Â A governmental unit in this state is liable for:
Â Â Â Â Â Â (1)Â Â Property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of any employee acting within the
scope of his employment if:
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (A)Â the property damage, personal injury, or death arises from the operation or use
of a motor driven vehicle or motor driven equipment; and
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (B)Â the employee would be personally liable to the claimant according to Texas law;
and
Â Â Â Â Â Â (2)Â Â Personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.
Â Â Â Â Â Â Section 101.021(2) clearly states that a governmental unit in this state is liable for personal
injury caused by use of tangible personal or real property, if the governmental unit, were it a
private person, would be liable to the claimant.
Â Â Â Â Â Â If a statute is clear and unambiguous, the statute should be given its everyday meaning. Coil
v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983).
Â Â Â Â Â Â Recovery on negligent use or negligent activity theory requires that the person have been
injured by or as a contemporaneous result of the activity itself, rather than by a condition created
by the condition by the activity. Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1991);
Williams v. Olivo, 912 S.W.2d 319, 325 (Tex. App.âSan Antonio 1995).
Â Â Â Â Â Â Texas Dept. of Transp. v. Ramining, 861 S.W.2d 940 (Tex. App.âHouston [14th Dist.]
1993, writ denied), follows Keetch and applies negligent use or negligent activity on premises to
the Tort Claims Act in suits against a governmental unit of the state.
Â Â Â Â Â Â In this case it was Miskimen's mishandling of the valves which directly, immediately and
contemporaneously caused the burning "blob" of gasoline to come out of the pipe and land on
Hoover. This was a negligent activity case under the authorities cited supra. The trial court's
submission was not erroneous.
Â Â Â Â Â Â Moreover, counsel for TEES in open court stated that Parrish could predicate a case on use
or misuse of the valves if he chose. Such admission in open court is binding on TEES. Carrisco
v. Tex. Transp. Institute, Tex. A&M Univ. Systems, 908 S.W.2d 575, 578 (Tex. App.âWaco
1995, no writ). Point one is overruled.
Â Â Â Â Â Â Point two: The trial court erred in entering judgment for Parrish because the jury issue on
which he prevailed was defective and omitted necessary elements for recovery. Additionally,
there was no evidence or, alternatively, insufficient evidence supporting the involvement of motor
driven equipment.
Â Â Â Â Â Â Specifically, Appellant attacks Questions Nos. 1 and 2 urging that it was necessary for them
to include findings applicable to a case in which injury resulted from a condition on premises. As
stated under point one, this case was based on injury stemming from a negligent activity on
premises in which situation a general submission of negligence is appropriate. The trial court
submitted this question to determine if liability could be established under Section 101.021(1) of
the Texas Tort Claims Act. We hold the evidence sufficient to support the submission of
Questions No. 1 and No. 2.
Â Â Â Â Â Â Appellant asserts there is no evidence, or insufficient evidence, to support the involvement
of motor driven equipment. There is evidence of motor driven equipment in connection with
valves bringing fluids to the training site, and same is ample and sufficient to support the finding. 
Point two is overruled.
Â Â Â Â Â Â Point three: The trial court erroneously refused properly requested jury issues concerning
comparative negligence of Parrish's employer Shell Oil Company. Shell was a subscriber to Texas
Workers Compensation. In such situation an employer's negligence may not be considered in a
third-party action brought by an employee arising out of an accidental injury covered by Workers
Compensation. Varela v. American Petrofina Co., 658 S.W.2d 561, 562 (Tex. 1983)
Â Â Â Â Â Â Moreover, this court does not find in the record where Appellant requested in writing,
submission of jury questions it now complains the trial court refused to submit. See Rule 278,
Texas Rules Civil Procedure. Point three is overruled.
Â Â Â Â Â Â The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Justice Cummings,
Â Â Â Â Â Â Justice Vance and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 29, 1996
Do not publish



make the difference between conviction and
acquittal, and it includes both exculpatory and impeachment evidence.  Exculpatory
evidence is testimony or other evidence that tends to justify, excuse or clear
the defendant from alleged fault or guilt. Â Impeachment evidence is that which
is offered to dispute, disparage, deny, or contradict.Â  Id. (citing United
States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481
(1985); Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992))
(footnotes omitted).Â  Evidence withheld by a prosecutor is material if there is
Âa reasonable probability that, had the evidence been disclosed to the defense,
the outcome of the proceeding would have been different.ÂÂ  Bagley, 473 U.S. at 682, 105 S.Ct. at 3383.Â  A reasonable probability is a Âprobability sufficient to
undermine confidence in the outcome.ÂÂ  Id.; Ealoms v. State, 983 S.W.2d
853, 859 (Tex. App.ÂWaco 1998, pet. refÂd).Â  Nonetheless, evidence is not
considered to be suppressed within the meaning of Brady if a defendant
or his attorney either knew, or should have known, of the essential facts
permitting him to take advantage of that evidence.Â  See Dalbosco v. State,
960 S.W.2d 901, 903 (Tex. App.ÂTexarkana 1997, order), disp. on merits,
978 S.W.2d 236 (Tex. App.ÂTexarkana 1998, pet. refÂd).

The evidence that is apparently the subject of
this point is a sheriffÂs department call sheet made at the time the Flippins
contacted the sheriffÂs department and requested to speak to a deputy about
getting the criminal trespass notice against Castillo.Â  It contains nothing
material to CastilloÂs guilt or punishment, nor could it reasonably have been
used to impeach any witness.Â  Moreover, the information was provided to
Castillo in a different format in the pretrial deposition of Sheriff Wilson.Â 
Because there is no possibility of a Brady violation regarding this call
sheet, we overrule point four.

Evidentiary Rulings

CastilloÂs sixth point complains that the trial
court erred in excluding evidence of the alleged motive of Deputy Butler, the
officer who served the criminal trespass notice on Castillo.Â  A trial courtÂs
exclusion of evidence is reviewed for abuse of discretion.Â  Martin v. State,
173 S.W.3d 463, 467 (Tex. Crim. App. 2005).Â  A trial court abuses its
discretion if its ruling falls outside the Âzone of reasonable disagreement.ÂÂ  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Deputy Butler testified at length about serving
the criminal trespass notice on Castillo.Â  The trial court sustained the
StateÂs objection to the following question:Â  ÂHow many Indian people are
members of your department?ÂÂ  In a bill of exception, Deputy Butler denied that
his race, the FlippinsÂ race, or CastilloÂs race had anything to do with his
service of the criminal trespass notice on Castillo.Â  The trial court did not
abuse its discretion in sustaining the StateÂs objection to the question.Â 
Point six is overruled.

Point seven asserts that the trial court abused
its discretion in refusing to allow discovery (depositions) of Deputy Butler
and FlippinÂs widow Flora.Â  In a criminal case, depositions may be taken if
Âgood reasonÂ exists.Â  Tex. Code Crim.
Proc. Ann. art. 39.02 (Vernon Supp. 2006).Â  A trial court has broad
discretion in ruling on an article 39.02 motion.Â  At his bond reduction
hearing, CastilloÂs attorney called Flora as a witness.Â  He was also allowed to
informally interview both Deputy Butler and Flora at a pretrial hearing, and
later Castillo was allowed to send Flora interrogatories, which she answered
under oath.Â  The trial court did not abuse its discretion in refusing to allow
the depositions of Deputy Butler and Flora Flippin.Â  We overrule point seven.

Having overruled all of CastilloÂs points, we
affirm the trial courtÂs judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed April 4, 2007

Do
not publish

[CRPM]