NO. 07-03-0304-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 19, 2004



______________________________




LINDA HUDDLESTON, APPELLANT



V.



JAMIE LOVVORN, APPELLEE



_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 31,881; HONORABLE LEE WATERS, JUDGE



_______________________________


 

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)


MEMORANDUM OPINION


 

 Appellant Linda Huddleston seeks reversal of a judgment awarding appellee Jamie
Lovvorn $23,323.42 for personal injuries sustained during a collision. Presenting two
issues, Huddleston contends the trial court erred in (1) disregarding the jury finding that the
driver of the vehicle in which Lovvorn was a passenger was 50% responsible for the
accident and (2) refusing to reduce the medical expenses awarded to the amount
stipulated to have been paid by the Texas Association of Counties. We affirm.

 On July 25, 1998, Lovvorn, while in the course and scope of her employment, was
riding in an ambulance owned by Hemphill County Hospital District. While in Gray County,
the ambulance collided with a vehicle driven by Huddleston and Lovvorn sustained
personal injuries. Suit was filed against Huddleston by RSKCo., third-party administrator
for the Texas Association of Counties. On the date of the accident Hemphill County
Hospital District had in effect a worker's compensation insurance policy issued by the
Texas Association of Counties. The jury found Huddleston 50% responsible for the
accident and attributed no negligence to Lovvorn. 

 By her first issue, Huddleston contends the trial court erred in disregarding the jury
finding that the driver of the ambulance was 50% responsible for the accident in question. 
We disagree.

 RSKCo. sought to recover the benefits it paid to Lovvorn under its rights of 
subrogation per section 417.001 of the Texas Labor Code. (2) Because statutes are
presumed to be prospective unless expressly made retroactive, and Huddleston does not
argue otherwise, we will conduct our analysis based on the provisions of section 417.001
in effect before the amendment effective September 1, 2003. Tex. Gov't Code Ann. §
311.011 (Vernon 1990); National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex.
141, 176 S.W.2d 564, 568 (1943); Hockley Co. Seed & Delint. v. Southwestern Inv. Co.,
476 S.W.2d 38, 39 (Tex.Civ.App.--Amarillo 1971, writ ref'd n.r.e.). 

 Huddleston argues that under section 33.013(a) of the Texas Civil Practice and
Remedies Code Annotated (Vernon Supp. 2004), her responsibility is limited to 50%. 
However, in Varela v. American Petrofina Co. of Texas, 658 S.W.2d 561, 562 (Tex. 1983),
the Court held that in a third-party action by an employee, the negligent third party was
barred from seeking contribution or indemnity from the employer and the compensation
carrier was entitled to reimbursement for all compensation and medical expenses paid. 
Citing Dresser Industries, Inc. v. Lee, 880 S.W.2d 750 (Tex. 1993), Huddleston argues that
the holding in Varela was modified. In Dresser, it argued that it was entitled to introduce
evidence and submit an instruction on a "sole cause" defense. (3) As noted by the Court,
Dresser was entitled to show that the negligence of Tyler Pipe Industries "was the sole
cause of Lee's injuries." 880 S.W.2d at 753. Here, however, no issue of sole cause was
requested or submitted to the jury. 

 Further, Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 531 (Tex. 2002) presented a
question of the allowance of subrogation claims in a third-party action. Although chapter
33 of the Civil Practice and Remedies Code was not implicated, in discussing subrogation
claims, the Court held that section 417.002 of the Labor Code applies to all subrogation
claims to allow the carrier to be reimbursed from a third-party recovery. Id. Moreover,
because the jury found that Lovvorn's percentage of comparative responsibility was zero,
the recovery was not subject to reduction by the trial court. See Tex. Civ. Prac. & Rem.
Code Ann. § 33.012(a). Huddleston's first issue is overruled.

 By her second issue, Huddleston contends the trial court erred in refusing to reduce
the medical expenses awarded to the amount stipulated to have been paid by the Texas
Association of Counties. We disagree.

 In response to question 3f, the jury found reasonable compensation for medical care
in the past to be $16,899.10. Thereafter, the trial court rendered judgment that Lovvorn
recover $16,899.10 plus prejudgment interest in the amount of $6,424.32. Huddleston
does not present factual or legal sufficiency challenges to the jury finding, but instead
contends the jury finding should be disregarded because it is contrary to a stipulation. 
However, at trial, Lovvorn introduced five notices of filing of medical records affidavits and
a notice of filing of medical bills affidavit. Also, Lovvorn introduced exhibit 9 which was a
summary of medical bills totaling $16,899.10 and was admitted into evidence without
objection by Huddleston. Accordingly, any error in the admission of the summary was not
preserved for our review. City of Fort Worth v. Holland, 748 S.W.2d 112, 113 (Tex.App.--Fort Worth 1988, writ denied). Further, because the summary of the medical expenses
was admitted into evidence without any limiting instruction, it could be considered by the
jury for all purposes. See Tex. R. Evid. 105(a); In re K.S., 76 S.W.3d 36, 40 (Tex.App.--Amarillo 2002, no pet.).

 Huddleston suggests that the parties stipulated that the medical expenses were only
$10,218.33; however, according to a pretrial order, the claim of the worker's compensation
carrier totaled $16,851.97, which included $6,333.64 identified as indemnity payments. 
However, Huddleston did not agree to an award in that amount, but preserved all defenses. 
Moreover, Huddleston did not move to strike the summary of the medical expenses from
the record nor request the court to instruct the jury to disregard all or part thereof nor move
for a mistrial. Accordingly, absent an adverse ruling from the trial court, nothing is
preserved for review. Huddleston's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 Don H. Reavis

 Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Effective September 1, 2003, section 417.001(b) was amended to provide in part:


 "[t]he insurance carrier's subrogation interest is limited to the amount of the
total benefits paid or assumed by the carrier to the employee or the legal
beneficiary, less the amount by which the court reduces the judgment based
on the percentage of responsibility determined by the trier of fact under
Section 33.003, Civil Practice and Remedies Code, attributable to the
employer.
3. See Dresser Industries, Inc. v. Lee, 821 S.W.2d 406, 408 (Tex.App.--Tyler 1991). 



67" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 1 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00091-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
29, 2010

 



 

ALTON ARMSTRONG, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, Alton Armstrong, appeals
from an adjudication of guilt of the offense of aggravated assault with a
deadly weapon.[1]  Through three issues, appellant generally
contests court costs assessed against him. 
We overrule appellants first issue, decline to address the remaining
issues, and affirm the trial courts judgment.

 

 

Factual and Procedural Background

            On
August 8, 2005, appellant entered a plea of guilty to the offense of aggravated
assault with a deadly weapon pursuant to a plea agreement.  As part of the plea agreement, no finding of
guilt was entered against appellant, and he was placed on deferred adjudication
community supervision for two years. 
Subsequently, the community supervision order was amended on January 25,
2006, and again on July 6, 2007. 
Thereafter, the State filed a motion to proceed to adjudication on April
23, 2008.  This resulted in an order, entered
on August 11, 2008, continuing appellant on community supervision but modifying
and extending the community supervision. 
On October 17, 2008, the trial court again entered an order amending the
terms and conditions of community supervision. 
Finally, on November 18, 2008, the State filed a motion to proceed to
adjudication that resulted in the judgment from which appellant appeals.  At the hearing on the States motion, on
February 26, 2009, appellant pleaded true to the allegations specifying the violations
of community supervision alleged by the State. 
The trial court sentenced appellant to serve six years in the
Institutional Division of the Texas Department of Criminal Justice.  

            The
essence of appellants issues concerns the relationship between the written
judgment and the bill of cost submitted by the district clerk.  His first issue asks this Court to determine
whether, absent written or oral incorporation of the bill of costs in the
judgment, the bill of costs is part of the judgment or otherwise of any
effect.  Second, appellant asks whether,
if the bill of cost has any effect, there is sufficient evidence in the record
to support an order for appellant to pay court-appointed attorneys fees.  Finally, appellant asks, in the alternative,
whether the bill of costs constitutes an order that appellant pay a specific
sum in court-appointed attorneys fees.

Assessment of Court Costs

            By
his first issue, Appellant contends that, absent incorporation by reference in
the judgment,[2]
the clerks bill of costs is of no force or effect.  The judgment in question orders appellant to
pay all fines, court costs, and restitution as indicated above, but the
court costs field in the judgment is blank. 
The clerks record contains a bill of costs issued by the district clerk
reflecting total costs of $2,258.00.

            Except
for $1,900.00 in attorneys fees for his court-appointed attorneys, which we
address later in this opinion, all the costs listed on the clerks bill of
costs appear to be among those listed in section 102.021 or section 102.041 of
the Government Code.  Tex. Govt Code Ann.  §§ 102.021, 102.041 (Vernon 2005 and Supp. 2009).  The obligation of a person to pay such costs,
and the obligation of the court clerk to collect them, is established by
statute, not court order.  See, e.g., Tex. Code Crim. Proc. Ann. art. 102.005 (Vernon 2005)
(providing, as to fee for services of the clerk of the court, that a defendant
convicted in the court shall pay the fee); Tex.
Govt Code Ann. § 102.021 (providing clerk of
a district court shall collect fees and costs on conviction of a defendant).

            As
stated by the Texas Court of Criminal Appeals, those fees are an assessment
against a convicted defendant, not as an additional penalty for the crime
committed, but as a non-punitive recoupment of the costs of judicial resources
expended in connection with the trial of the case.  Weir v State, 278
S.W.3d 364, 366 (Tex.Crim.App. 2009).  Because those costs are non-punitive, the
court held they did not have to be included in the trial courts oral
pronouncement of sentence as a precondition to their inclusion in the trial
courts written judgment.  Id. at 367.  We
further conclude that because the costs, other than the attorneys fees, of
which appellant complains are his predetermined, legislatively-mandated
obligations, resulting from his conviction, the clerks certified bill of costs
imposes an obligation upon him to pay the costs, again other than attorneys
fees, whether or not that bill is incorporated by reference into the
judgment.  Id.
at 366.  Accordingly, we overrule
appellants first issue.

Collection of Costs

            Appellants
remaining two conditional issues are more nearly related to the terms of the
trial courts judgment, but we find we are not permitted to address these
matters in this appeal because they concern collection, rather than assessment,
of costs. Our high courts have drawn a distinction between these two matters,
and we adhere to that distinction by respectfully declining to address civil
matters in this direct appeal from a criminal conviction.  See Harrell, 286
S.W.3d at 318; Johnson, 280 S.W.3d at 869.

            So,
to the extent that appellants issues raise matters relating to the ability to
collect costs, we do not address such matters; they are properly a matter for a
civil proceeding related to the collection of costs under the procedure
outlined by the Texas Government Code.  See
Tex. Govt
Code Ann.  § 501.014(e) (Vernon
Supp. 2009).  In the record before us,
there is no order from the convicting court authorizing withdrawal of funds
from appellants inmate trust account.[3]  In other words, no effort has been made to
collect these costs.  Consequently, any
analysis concerning the ability to collect costs would be advisory in nature,
and we will not render such a judgment.

            Judicial
power is the power of a court to decide and pronounce a judgment and carry it
into effect between persons and parties who bring a case before it for a
decision.  Garrett
v. State, 749 S.W.2d 784, 803 (Tex.Crim.App.
1988) (op. on rehg).  Judicial power does not include the power to
issue advisory opinions.  Id.  The underlying case between the parties is
not one that involves questions of collection of court costs.  Any attempt to address issues concerning the
ability to collect court costs would result in the rendering of an advisory
opinion because we are not faced with an appeal of an order authorizing the
withdrawal of funds from appellants trust account, a matter of enforcement or
collection and outside the purview of a direct appeal of a criminal
conviction.  See Harrell, 286 S.W.3d at 318. 
That said, we do not address the substance of
appellants second and third conditional issues.  See Dix v. State, 289 S.W.3d
333, 335 (Tex.App.Eastland 2009, pet. refd) (noting that appellant did not contend that trial
court erred and did not challenge his conviction and declining to address
points of error that would result in an advisory opinion); see also Tex. R. App. P. 47.1 (requiring appellate court to address every
issue raised and necessary to final disposition of the appeal).

 

Conclusion

            Having
overruled appellants first issue and having determined that we may not address
the remaining issues concerning the collection of court costs, we affirm the
trial courts judgment. 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Pirtle, J., concurring.  

 

Publish.  

            











[1] See Tex. Penal Code Ann. § 22.02(a)(2)(Vernon Supp. 2009).

 





[2] Appellant contrasts the judgment in this case with
that in Perez v. State, 280 S.W.3d 886, 887 (Tex.App.Amarillo
2009, no pet.), which ordered that the State recover of the defendant all
costs in this proceeding incurred, as set out in the Bill of Costs attached
hereto. . . .





[3] Our law permits the Texas Department of Criminal
Justice to withdraw funds from an inmate's trust account when such has been
authorized by the trial court of conviction and is pursuant to an order by the
court to pay items included in a prioritized statutory list.  Tex. Govt Code Ann. § 501.014(e).